### HARTMAN ELECTRICAL MFG. CO. v. PRIME MFG. CO.

Civ. A. No. 4720.

United States District Court E. D. Wisconsin.

Dec. 6, 1949.

Clark M. Robertson and Howard R. Johnson, Milwaukee, Wis., for plaintiff.

Herman E. Friedrich and Lecher, Michael, Spohn, Best & Friedrich, Milwaukee, Wis., for defendant.

TEHAN, District Judge.

This is an action founded on contract wherein the plaintiff alleges a history of dealings and negotiations culminating in the receipt by the plaintiff from the defendant of two purchase orders for motors and the partial cancellation of these orders with resulting damages to the plaintiff. The complaint also alleges that plaintiff maintained a supply of repair parts at the request of defendant, and that defendant by failing to purchase these repair parts has caused damage to the plaintiff.

The defendant has filed a motion to strike certain allegations of the complaint and to make others more definite and certain. It is the disposition of this motion by the defendant with which we are here concerned.

The defendant's motion first asks that paragraphs 4, 5, 6 and 9 be stricken from the complaint. The first three of these paragraphs (paragraphs 4, 5 and 6) allege a course of dealing between the parties, but precisely how this course of dealing relates to the specific negotiations and events out of which the current demands of the plaintiff are founded (which are set forth with reasonable particularity in paragraphs 7 and 8 of the complaint), is nowhere made apparent upon the face of the complaint. Paragraph 9 of the complaint also relates to the history of dealings between the parties, but its precise connection with the specific contractual

relationship involved in the instant claims is even more remote. On its face it relates solely to a specific class of goods not involved in the present controversy.

Motions to strike, like motions to make more definite and certain, rest within the sound discretion of the court. Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "(f) Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The defendant is here alleging the immaterialty of the allegations in question. Motions to strike on this ground have uniformly been denied unless the allegations complained of can be shown to have no possible relation to the controversy, Ruven v. Graham, D.C. Ohio 1947, 71 F.Supp. 876, resolving all doubts, as to whether under any contingency the matters complained of may raise an issue, in favor of the pleading, Samuel Goldwyn, Inc. v. United Artists Corporation, D.C. N.Y.1940, 35 F.Supp. 633; also French v. French Paper Co., D.C. Mich.1941, 1 F.R. D. 531, or even though the doubt may be a large one bordering on conviction (as may be the case here with reference as to paragraph 9 of the complaint) unless it can be shown that the moving party may be prejudiced by a denial. Eastman Kodak Co. v. McAuley et al., D.C.N.Y.1941, 2 F.R.D. 21. The motion to strike paragraphs 4, 5, 6 and 9 of the complaint is therefore denied.

The defendant has also moved to make the complaint more definite and certain in the following respects:

"a. By alleging the time when the motors therein referred to were to be delivered.

"b. Alleging the consideration agreed upon in and by said order.

"c. Alleging the date of such agreement, if any.

"e. When and between what times and in what amounts the several items shown in Exhibit 'A' were purchased.

"c. When and between what times and in what amounts the several items shown in Exhibit 'B' were purchased."

Paragraphs 7 and 8 of the complaint, the ones specifically complained against by the defendant's request for the above details, are as follows:

"7. That on September 9, 1946, plaintiff received an order from defendant for 10,000 A-51 motors, and on January 2, 1947, defendant cancelled 5,000 motors from said order, and on May 15, 1947, defendant cancelled the balance of said order and has not ordered from plaintiff further A-51 motors; that plaintiff was in the process of fulfilling said order at the time of said cancellations and had incurred expenses in connection therewith; that attached hereto, marked Exhibit 'A', and made a part hereof as though next hereinafter fully set forth at length, are plaintiff's expenses in connection with the cancellations of said order of September 9, 1946, for A-51 motors.

"8. That on the 9th day of September, 1946, plaintiff received an order from defendant for 10,000 L-32 motors, and on May 15, 1947, defendant cancelled 5,000 motors from said order; that plaintiff has shipped on the L-32 motors ordered 2,681 motors and of these, 321 motors were refused and returned by defendant as faulty but which motors were of the quality previously shipped, and the refusal of defendant to accept such motors resulted in the plaintiff not shipping further L-32 motors; that plaintiff was in the process of fulfilling said order at the time of the refusal of defendant to accept such motors and had incurred expenses in connection therewith, and attached hereto, marked Exhibit 'B', and made a part hereof as though next hereinafter fully set forth in length, are plaintiff's expenses in connection with the termination of the order of September 9, 1946, for L-32 motors."

Many of the cases cited by the defendant in support of his motion relate to motions for bills of particulars and not to motions to make more definite and certain. It should also be noted that Rule 12(e) of the Federal Rules of Civil Procedure, as set forth in the defendant's memorandum brief in support of its motion, has been amended to take effect three months subsequent to December 19, 1947, and the rule now reads: "(e) Motion for More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

Under the amended rule, recognition was given to the flood of criticism which was leveled at the rule as originally promulgated. As pointed out in the Notes of Advisory Committee on Amendments to Rules, following Rule 12 in U.S.C.A., 1949 Supplementary Pamphlet:

"Rule 12(e) as originally drawn has been the subject of more judicial rulings than any other part of the rules, and has been much criticized by commentators, judges and members of the bar.

\* \* \* \* \* \*

"References in this subdivision to a bill of particulars have been deleted, and the motion provided for is confined to one for more definite statement to be obtained only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question. With respect to preparations for trial, the party is properly relegated to the various methods of examination and discovery provided in the rules for that purpose."

A careful consideration of the allegations of the complaint, as set forth in

paragraphs 7 and 8 thereof, fails to reveal any deficiency such as to require it to be made more definite and certain. The plaintiff has described with particularity the time and amounts of the purchase orders and the cancellation thereof and has furnished two exhibits itemizing the expenses for which plaintiff seeks recovery. It seems clear that a responsive pleading can be made to paragraphs 7 and 8 of the complaint. In addition it should be noted that many of the details requested in the defendant's motion are more in the nature of a request for a bill of particulars, which is now barred by the rule, rather than a request to make more definite and certain.

Finally, the defendant has asked that paragraph 10 of the complaint be made more definite and certain.

Paragraph 10 of the complaint alleges: "10. That subsequent to the year 1935, up to and including the year 1946, the defendant requested plaintiff to, as its sole supplier, maintain an inventory of parts for motors to be supplied, as required by defendant; that plaintiff acquired and did maintain inventory of parts for motors in order to be able to meet defendant's requirements; that since September 9, 1946, the defendant has not ordered further motors from plaintiff, and that although demand has been made, has refused to pay plaintiff for the inventory which plaintiff acquired for defendant's needs; that attached hereto, marked Exhibit 'C', and made a part hereof as though next hereinafter fully set forth at length are the expenses for the inventory and motors which plaintiff acquired and manufactured for defendant's use."

Specifically, the defendant asks that the plaintiff be ordered to make paragraph 10 more definite and certain in the following respects:

"a. By setting forth the various dates upon which it is alleged the defendant requested plaintiff to maintain an inventory of parts.

"b. Whether such request is oral or in writing.

"c. By stating the facts with respect to the same.

"d. By setting forth when in each case the plaintiff acquired such inventory and the amount thereof in each case.

"e. By stating whether or not plaintiff claims defendant did not order its requirements from plaintiff, and if not, for what period it is claimed that it did not do so.

"f. By setting forth what amount of motors were the defendant's requirements during any specific period so alleged.

"g. By stating such other facts claimed or pretending to constitute a cause of action and all with sufficient clarity to determine whether a cause of action is or is not involved."

In considering paragraph 10 of the complaint, we shall apply the test implied in Rule 12(e). "Is the statement of the claim so vague and ambiguous that it would be unreasonable to require defendant to frame a responsive pleading to it?"

■ Plaintiff's statement of its claim is neither vague nor ambiguous if we restrict the meaning of the word "vague" to "not clearly expressed", and of the word "ambiguous" to "capable of being understood in either of two or more possible senses". The language used is clear and susceptible of only one meaning. However, the words "vague" and "ambiguous" are also synonymous with "indefinite". We are of the opinion that the committee framing Rule 12(e), as amended, intended the use of this rule as a means of relief where there is vagueness and ambiguity in the sense of indefiniteness of facts as well as in instances where there is vagueness and ambiguity in the sense of lacking in clarity of expression.

Benefits designed to be obtained by complying with the provisions of Rule 8(a)(2) which requires "a short· and plain statement of the claim * * *" can still be secured and preserved without going to the extreme of failing to set forth allegations of ultimate fact with sufficient definiteness so that, with the exercise of reasonable diligence, the opposite party can frame a responsive pleading.

Those who are called upon to respond to pleadings are entitled to share equally with original pleaders in the benefits derived from simple and non-technical rules of pleading. The plaintiff is protected from motions that are largely dilatory, artifice and sham by Rule 8(a)(2). The defendant is entitled to equal protection from the plaintiff who, taking refuge under the rule, uses it to confound the defendant and force him to use elaborate and expensive discovery proceedings. Where certain of the facts sought, as here, are ultimate facts and not evidentiary in character, and are clearly needed to prepare a responsive pleading, the defendant is entitled to relief under a motion to make more definite and certain. The defendant, as well as the court, is entitled to know with reasonable certainty the basis of the plaintiff's claim for relief.

■ It can be inferred from the instant complaint that defendant is a sizable corporation with the usual characteristics of a numerous administrative force and a mass of records, files and correspondence. To insist that the defendant admit or deny the present allegations when so vague a time as "subsequent to the year 1935, up to and including the year 1946" is the time period, and when the complaint is silent as to whether the alleged agreement was written or oral, or both, would be unfair and unreasonable. The time when the alleged requests were made, and whether they were written or oral, or both, are essential ultimate facts in respect to which defendant should be informed with ·definiteness. Reed v. General Implement Export Corporation, D.C., 9 F.R.D. 182. Therefore, the plaintiff should make his complaint more definite and certain in these respects, so as to enable the defendant to prepare his answer.

To this end it will be sufficient if the plaintiff sets forth the information requested in subparagraphs a and b of paragraph 4 of defendant's motion. The other information requested under paragraph 4, while it would be helpful, is not, in our opinion, necessary to the preparation of a responsive pleading.

The defendant will prepare an order requiring the plaintiff to respond in the manner indicated by this opinion. In all other respects, the motion is denied.