**PENTZ v. DOWNEY et al.**

No. 14512.

United States District Court
E. D. Pennsylvania.

March 12, 1953.

H. Pentz pro per.

O. E. Boyle and H. Caplan, Allentown, Pa., for respondent Goshorn. Guy K. Bard, ·Philadelphia, Pa., for respondent Downey.

GRIM, District Judge.

The complaint, which was drawn by the plaintiff himself, attempting to invoke the diversity jurisdiction of this court, alleges that plaintiff is a "resident" of Texas and defendants are "residents" of Pennsylvania, that defendant Downey has damaged plaintiff by writing several defamatory letters about him, and that defendant Goshorn has damaged plaintiff by making certain defamatory statements about him to a named third person. Both defendants have filed motions to dismiss the action on the grounds that the complaint fails to state a claim against defendants on which relief can be granted and fails to allege diversity of citizenship between the parties.

Plaintiff has failed to include in his complaint any allegations of publication, including the dates and places of publication, of the defamatory letters allegedly written by defendant Downey. Plaintiff has also

failed to allege the dates, places, and methods of publication of the defamatory statements allegedly made by defendant Goshorn.

Publication is an essential element of a cause of action for libel or slander. Restatement of the Law of Torts, Sec. 558. The meaning of "publication" was ably summarized in an opinion by Judge Kalodner, then a district judge on this court, in Hartmann v. Time, Inc., D.C.E.D.Pa. 1946, 64 F.Supp. 671, 678, as follows:

"The term 'publication' as used in the law of defamation is a term of art, so to speak, and generally, defamatory matter is 'published' only upon 'its communication intentionally or by a negligent act to one other than the person defamed.' Restatement of the Law of Torts, Sec. 577. See Summit Hotel Co. v. National Broadcasting Co., 1939, 336 Pa. 182, 195, 8 A.2d 302, 124 A.L.R. 968. The mere speaking or writing of defamatory words, it is well settled insofar as civil actions are concerned, is not actionable unless such words are heard or read and understood by persons other than the defamed; hence, the cause of action accrues only upon the satisfaction of this condition. * * *"

Allegations of the times and places of publication of alleged defamatory statements are material and necessary allegations in a complaint. Rule 9 of the Federal Rules of Civil Procedure, 28 U.S.C. provides: "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." Unless a defendant is apprised by the complaint of the time when and the place where an alleged cause of action arose, he cannot properly raise defenses (by answer or motion) with respect to such matters, among others, as statutes of limitations and conflict-of-laws rules.

Plaintiff alleges in his complaint that he is a "resident" of the State of Texas and that the defendants are "residents of Pennsylvania, but he does not allege that he is a citizen of Texas or that the defendants are citizens of Pennsylvania. It is well settled that to show jurisdiction of a federal district court a complaint should show diversity of citizenship and not merely diversity of residence. Citizenship depends on domicile, not mere residence, and an averment that a party is a resident of a particular state is an insufficient allegation of citizenship to confer jurisdiction upon a district court. Realty Holding Co. v. Donaldson, 1925, 268 U.S. 398, 45 S.Ct. 521, 69 L.Ed. 1014; Gerstman v. Poole, D.C.E.D.Pa.1950, 88 F.Supp. 733.

It is clear, therefore, that plaintiff's complaint is defective.

And now, March 12, 1953, it is ordered that both defendants' motions to dismiss be and the same are hereby granted, unless within thirty days from the date of the filing of this order plaintiff amends his complaint to cure the defects therein as pointed out in the foregoing opinion.