**KENMORE–LOUIS THEATRE, INC.,**
Plaintiff,

v.

**Benjamin SACK et al., Defendants.**

**Civ. A. 57–1130.**

United States District Court
D. Massachusetts.

March 29, 1961.

---

**3.** Cf. United States v. Wyman, D.C., 125 F.Supp. 276, 282.

**4.** Executive Order No. 6166, § 5, 5 U.S. C.A. § 132 note.

Claude B. Cross, Philip M. Cronin, Boston, Mass., for plaintiff.

Frederick G. Fisher, Jr., Boston, Mass., for Buena Vista Film Dist. Co., Inc.

Walter H. McLaughlin, Boston, Mass., for Beacon Hill and Gary Theatre.

Samuel Markell, Boston, Mass., for Kingsley International Pictures.

Hale & Dorr, Boston, Mass., for Buena Vista Film Dist. Co.

Donovan, Leisure, Newton & Irvine, New York City, for Buena Vista Film Dist. Co., Inc.

Walter H. McLaughlin, Boston, Mass., for Benjamin Sack, Capri Theatre, Inc. and Saxon Theatre Corp.

CAFFREY, District Judge.

This is a private antitrust suit commenced by a complaint filed in 1957. Plaintiff, Kenmore-Louis Theatre, Inc., is an independent exhibitor of motion pictures in the Boston area. Kingsley International Pictures Corporation, a New York corporation, hereinafter referred to as Kingsley, is one of the defendants named in the complaint. Kingsley has filed a motion to dismiss and bases that motion upon two grounds, (1) that at the time of service of process Kingsley was not served in the action, and (2) that venue is not proper in this district because Kingsley is not transacting business within the Commonwealth of Massachusetts.

It appears that service of process against Kingsley was made upon one Edward Ruff, a corporate officer and stockholder of Edward Ruff Film Associates, Inc., a corporation which is engaged in the process of distributing films for various moving picture producers.

On February 26 and 28, 1959, plaintiff took the deposition of Edward Ruff at Boston, and from that document it appears that Edward Ruff Film Associates, Inc. solicited clients for Kingsley for the rental of a motion picture entitled "And God Created Woman" under a written contract between Edward Ruff Film Associates, Inc. and Kingsley. It also appears from this deposition that Ruff sold, booked, and otherwise handled this picture, as well as previous pictures, in all the New England states.

The arrangement between Ruff and Kingsley is such that Ruff obtains agreements from movie exhibitors for the licensing of a picture, and any agreement obtained is written upon a license-form agreement of Kingsley's. Five copies of the contract are prepared and subsequently sent to the distributor, who signs them and returns them to Ruff. Ruff retains two copies and forwards the remaining three to Kingsley for approval or rejection. The rental price for a license of a Kingsley picture is sent to Ruff, who in turn forwards it to the Union Film Distributing Company, which is located in the same offices as Kingsley. In each case, Ruff deducts a commission before forwarding the sum which he has received to New York. It also appears from the deposition that Ruff signed contracts on behalf of Kingsley in the Commonwealth of Massachusetts, as well as making adjustments on film rentals with respect to Kingsley pictures. Exhibitors of Kingsley pictures send box-office statements of cash receipts to Ruff.

As stated above, the initial question that must be resolved is whether or not Kingsley was doing business in the Commonwealth of Massachusetts at the time of service of process upon Ruff. Kingsley contends that Ruff is nothing more than an independent sales representative engaged in the process of securing proposals for licensing and exhibition of motion pictures for several companies, and that in fact and at law no basis exists for concluding that Ruff was authorized to accept service of process on behalf of Kingsley within the meaning of Rule 4(d) (3) and (7), Federal Rules of Civil Procedure, 28 U.S.C.A. Of course, if one were to examine only the formal structure of the relationships of the par-

ties in this case, it could be argued that since Kingsley was not physically located in Massachusetts, and had no employees in Massachusetts, Ruff was merely an independent contractor attempting to secure business for Kingsley. However, this Court must address itself to the substance of the relationship between Kingsley and Ruff, and in the process of so doing it becomes apparent that through the efforts of Edward Ruff Film Associates, Inc., Kingsley pictures are distributed in Massachusetts. The mere fact that a physical signing of a contract is not executed in Massachusetts, for instance, is not controlling as to whether or not a corporation is transacting business within the State, because the physical act of signing a contract may be only one element in a broad range of business activities. It must be recognized that business may be done in a State although those doing business assiduously avoid the appearance of actual business operation through the process of signing contracts. Hoopeston Canning Co. v. Cullen, 318 U.S. 313, 63 S.Ct. 602, 87 L. Ed. 777. Notwithstanding the importance of the execution of written contracts, such acts are ordinarily but one step in a series of events which have the effect of linking prior business negotiations with the ultimate object of distribution of films which is the real goal of the business transaction.

█ In International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the Supreme Court, in connection with the problem of determining whether a corporation is doing business within a State, noted that the test is not merely one of *quantity, per se,* of activity in that State, but, rather, the test has its most rational basis in the *nature* of the activity of the corporation within the geographical confines of the forum in which suit is brought. Thus, again, it appears clear that the totality of the activity of distributing film by Kingsley, together with Union, together with Ruff, indicates a business pattern of conduct in which Ruff played a featured role, in that it was only through his efforts that Kingsley pictures were ultimately displayed within the Commonwealth of Massachusetts. See, also, International Harvester Co. of America v. Commonwealth of Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, and Certain-Teed Products Corp. v. Wallinger, 4 Cir., 89 F.2d 427.

█ From the foregoing it appears clear that Edward Ruff Film Associates, Inc., through its corporate officer, Edward Ruff, was acting as an agent for Kingsley, at least to the extent that Ruff was engaged in the business of soliciting orders for the distribution of the film "And God Created Woman," and, thus, service of process upon Edward Ruff was proper under Rule 4(d) (3), Federal Rules of Civil Procedure.

█ With respect to the argument of Kingsley concerning venue in the District of Massachusetts, Title 15, Sec. 22, United States Code, 15 U.S.C.A. § 22, provides that venue in an antitrust action is proper in any district where the corporation may be "found" or "transact business." The fact that Ruff had authority to adjust rentals, investigate complaints, prepare contracts, collect and deposit money, and distribute pictures, compels the conclusion that at least Kingsley was "found" within the District of Massachusetts. Consequently, venue is proper in this district.

The motion to dismiss is denied.