**SUPREME WINE CO., Inc.**

v.

**DISTRIBUTORS OF NEW ENGLAND, INC., and Schenley Industries, Inc.**

**Civ. A. No. 61–344–F.**

United States District Court
D. Massachusetts.

Oct. 11, 1961.

Harold E. Cole, Boston, Mass., for plaintiff.

Lewis H. Weinstein, George Waldstein, Foley, Hoague & Eliot, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

This is an action by Supreme Wine Co., Inc. against Schenley Industries, Inc. (Schenley) and its subsidiary Distributors of New England, Inc. (New England) for trademark infringement and unfair competition.

Defendant Schenley moves to dismiss for lack of jurisdiction over its person. Schenley is a foreign corporation engaged outside Massachusetts in manufacturing wines and liquors. It has not qualified to do business in Massachusetts and is not licensed to sell wines and liquors here. It maintains no regular office or place of business in its own name in Massachusetts. It contends it is not

subject to the jurisdiction of this court because it does no business in Massachusetts and that Charles Wolf, on whom service of process was made, was not its agent on whom service might be made.

Defendant New England is a wholly owned subsidiary of Schenley. It is a Massachusetts corporation, licensed to sell wines and liquors in Massachusetts. Charles Wolf is its general manager. New England acts merely as a selling company with sales of about $10,000,000 a year. It has salesmen who solicit orders for Schenley products. All orders received by it are sent to Schenley in New York and Schenley fills the orders by shipments from points outside Massachusetts directly to distributors in Massachusetts. New England bills the distributors, receives payment and deposits all amounts received to the account of Schenley. Wolf is paid directly by Schenley in New York and his immediate superior is an official of the Schenley organization in New York.

■■ On these facts it must be found that New England is in fact the agent of Schenley in Massachusetts for the sale of its products and the collection of payments due to it. A corporation although not doing business in its own name can do business in Massachusetts through an agent and thus be present in the state so as to be subject to its jurisdiction. Williams v. Campbell Soup Co., D.C., 80 F.Supp., 865, 867; Kenmore-Louis Theatre, Inc. v. Sack, D.C., 192 F. Supp. 711, 713. Such is the case here. Moreover, Wolf, the person in charge of this business and a person paid directly by Schenley, is an agent of Schenley in charge of its business so that service can properly be made upon him. Radio Shack Corporation v. Lafayette Radio Electronics Corporation, D.C., 182 F. Supp. 717; London's, Inc. v. Mack Shirt Corp., D.C., 114 F.Supp. 883.

■■ Both defendants move to dismiss for failure to state a claim on which re-lief can be granted on the ground that the complaint does not allege specifically the time and place of the alleged infringement. Pentz v. Downey, D.C., 110 F. Supp. 642; Friedman v. Transamerica Corporation, D.C., 63 F.Supp. 247. The theory of these cases seems to be that since Rule 9(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., makes averments of time and place material for the purpose of testing the sufficiency of a complaint, a complaint which omits any allegation as to time or place is insufficient and subject to dismissal under Rule 12(b) (6). While this may be true as to an entire omission of any allegation of time or place, Rule 9(f) does not require specificity in pleading time and place, 2 Moore's Federal Practice ¶ 9.07, and the indefiniteness of the allegations made has been held not to justify dismissal of the action. Bleecker v. Drury, D.C., 3 F.R.D. 325.

■■ The complaint here alleges in general terms the use of defendant's allegedly infringing trademark in territory of the United States, including this judicial district, and that this use began at some time subsequent to plaintiff's first use of its trademark and was continuing to the time of the complaint. While these allegations are general, it cannot be said that they fail to show any cause for relief so as to justify dismissal of the action. The discovery procedures under the rules afford adequate means to defendants to obtain the full information needed to prepare their defense. Even if, as they contend, they cannot on these allegations determine whether or not to plead the defenses of laches or statute of limitations, their remedy in that case is not dismissal of the action but a motion for a more definite statement under Rule 12(e).

Defendants' motions to dismiss are denied.