**INTERNATIONAL HARVESTER COMPANY, a Delaware corporation,**
**Plaintiff,**

v.

**GENERAL INSURANCE COMPANY OF AMERICA, a Washington corporation,**
**Defendant and Third-Party Plaintiff,**

v.

**Jerome R. ISERMANN et al., Third-Party Defendants.**

**No. 68-C-89.**

United States District Court
E. D. Wisconsin.

Aug. 8, 1968.

Norman C. Skogstad, Milwaukee, Wis., for plaintiff (Local Counsel).

Charles H. Weiland, Chicago, Ill., for plaintiff.

Charles H. Galin, Milwaukee, Wis., for Fulmer Motors, Inc. and Robert C. Fulmer, Wilbur Martin, individually and d/b/a Martin Truck Sales, Racine Truck &. Equipment Corporation and William Becker.

Di Renzo & Bomier, Neenah, Wis., for John Baur and Lake States Truck Rentals, Inc., Baur Truck and Equipment, Inc., John Baur and Paul Scott.

Cook & Kalbacken, Mount Horeb, Wis., for Frank Hallada, individually, and d/b/a Hallada Truck Sales.

Kittelsen, Brand & Barry, Monroe, Wis., for Trucks, Inc., W. A. Parks, Philip Gordon, Arden Gensler, individually, and d/b/a Gensler Brothers.

Potter & Wefel, Wisconsin Rapids, Wis., for Robert Freundl and Charles Nemekey, individually and d/b/a C & R Motors.

**6**

Shellow, Shellow & Coffey, Milwaukee, Wis., for Jerome R. Isermann.

Ronald J. Jaskolski, Milwaukee, Wis., for Herbert Bodden, individually, and d/b/a Bodden's Service Station.

Kaumheimer, Reinhart, Boerner, Van Deuren & Norris, Milwaukee, Wis., for General Tire and Rubber Co.

Lamfrom, Peck, Ferebee & Brigden, Milwaukee, Wis., for Joseph Magestro, individually, and d/b/a J. M. Disposal Co.

John D. Payant, McNeil, Payant & Mouw, Iron Mountain, Mich., for Joseph Vaught, individually, and d/b/a Kenn's Motor Sales.

George E. Frederick, Milwaukee, Wis., for Rissman-Gamble, Inc. and Robert Gamble Trucks, Inc.

Robert Paradise (individually and as an officer of Schoolways Bus Co.) Hales Corners, Wis.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a motion, under rule 12(e), Federal Rules of Civil Procedure, to make the third party complaint of the General Insurance Company of America more definite and certain in several respects. The motion is brought by the following third party defendants: Fulmer Motors, Inc. and Robert C. Fulmer; Wilbur Martin, individually and d/b/a Martin Truck Sales; Racine Truck and Equipment Corporation and William Becker.

The General Insurance Company of America is alleged to be liable on a master fidelity bond for certain acts of misappropriation of materials by one of Harvester's former employees, Jerome Isermann. The General Insurance Company impleaded more than a dozen third party defendants, alleging that they are liable for conversion for having ultimately received the merchandise. This motion has been brought by a group of those third party defendants.

Rule 12(e), Federal Rules of Civil Procedure, provides that:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. * * * "

The test to be applied, therefore, in deciding this motion is whether the third party complaint is so "vague or ambiguous" that these movants cannot reasonably be required to frame a responsive pleading. The words "vague or ambiguous" have been held to mean indefiniteness of facts as well as a lack of clarity and expression. Hartman Electrical Mfg. Co. v. Prime Mfg. Co., 9 F.R.D. 510 (E.D.Wis.1949). The motion is not a substitute for discovery proceedings, however, and it is improper to use the motion to elicit any facts beyond those needed to plead responsively. Kuenzell v. United States, 20 F.R.D. 96 (N.D.Cal.1957). The old bill of particulars was abolished in 1948. 1A Barron and Holtzoff, Federal Practice and Procedure (Rules Ed.) § 255 at 78.

With these general rules in mind, the court now turns to the specific points raised by the motion.

**I**

These defendants claim first that "said complaint does not describe the particular items of property or product allegedly received by each of the third party defendants. * * * " Paragraph 5 of the third party complaint alleges that the misappropriated property consists of "motor truck tires, tubes and other property."

It is entirely within the rules of good pleading to allege merely that the property in question consisted of motor truck tires and tubes; however, the allegation that "other property" was also misappropriated is too indefinite. It is to be noted that rule 84, Federal Rules of Civil Procedure, provides that the

forms contained in the Appendix of Forms are sufficient to comply with the federal rules. Federal Form 11 is a model complaint in an action for conversion; this form is very simple, but even it calls for a brief identification of the converted property.

I believe that these third party defendants are entitled to a description of the "other property" each allegedly converted. Since there are more than a dozen third party defendants, the statement that they, as a group, converted "other property" does not meet the requirements of rule 12(e). In this respect, the motion will be granted.

## II

■ The movants next claim that the complaint does not state the value of each of said items of property allegedly received by each third party defendant and that this information should have been alleged. This ground for the motion is not impressive. This is a matter for discovery proceedings, and the lack of this specific itemization will not prevent these defendants from answering the complaint.

## III

These defendants also seek the exact dates of the various transactions with each of the movants. Paragraph 8 of the third party complaint alleges dates between which the transactions are supposed to have occurred. The transactions with Racine Truck and William Becker allegedly occurred between February, 1962 and June, 1963; the transactions with Robert Fulmer and Fulmer Motors between December, 1959 and October, 1963; and the transactions with Martin and Martin Truck Sales between February, 1960 and April, 1966.

These defendants contend that the lack of specificity makes the complaint so vague and ambiguous that they cannot properly respond. They apparently wish to ascertain whether there is any applicable statute of limitations.

■ Rule 8(c), Federal Rules of Civil Procedure, requires the defense of statute of limitations to be raised by affirmative defense in the answer. To enable the defendants to frame an adequate answer and properly determine what defenses are available to it, the court concludes that the third party plaintiff must make a more definite assertion of dates on which these acts allegedly occurred. See Kuenzell v. United States, 20 F.R.D. 96 (N.D.Cal.1957). See also Supreme Wine Co. v. Distributors of New England, Inc., 198 F.Supp. 318 (D.Mass.1961) and Hartman Electrical Mfg. Co. v. Prime Mfg. Co., 9 F.R.D. 510 (E.D.Wis.1949). I read this complaint as alleging that each transaction took place at a fixed time during the periods alleged; it is not claimed that the acts were *continuous* between two widely separated dates. See Paul M. Harrod Company v. A. B. Dick Company, 194 F.Supp. 502 (N.D.Ohio, 1961). The motion in this regard is granted.

## IV

The fourth ground for the motion is that

"the complaint does not set forth the calculation of the actual loss or losses, if any, as to each transaction or transfer to each third party defendant, nor whether the figures used by the third party plaintiff in its calculations include any profit or just the cost or value of each item allegedly transferred to or received by each third party defendant."

These movants wish to determine whether the plaintiff is seeking to recover lost profits or only the cost of the materials.

■ This matter is properly the subject of discovery proceedings and does not fit within the ambit of rule 12(e). Only general damages are alleged, and these can be denied generally. Kuenzell v. United States, supra. The motion is denied in this respect.

## V

█ The next ground is that the complaint does not set forth whether the third party action was authorized by any court order. Rule 14(a), Federal Rules of Civil Procedure, does not require leave of court before impleading third parties if the third party complaint is filed within 10 days after the original answer. The record shows that both the original answer and the third party complaint were filed on March 15, 1968, and thus no court order was required.

█ It is entirely possible that the movants had no knowledge of this fact because they allege that no copy of the defendant's original answer was served on them, as is required by federal rule 5(a). Paragraph 4 of the third party complaint states that the original answer was served with the complaint. If such answer was not, in fact, served with the complaint, it would be appropriate for the third party plaintiff now to furnish these third party defendants with copies of the original answer. The motion for a more definite statement in this regard, however, is denied.

## VI

█ The movants next allege that the complaint fails to set forth the address of each of the third party defendants. The complaint can be answered without this information, and this portion of the motion is also denied.

## VII

The last respect in which the complaint is alleged to lack clarity is that "the complaint does not state by what right the defendant is authorized to initiate or proceed with a third party suit since the defendant and third party plaintiff appears to have admitted that it has made no payment to the plaintiff on its fidelity bond and would therefore not be entitled to any right of subrogation against the third party defendants."

█ Rule 14(a), Federal Rules of Civil Procedure, clearly provides that a defendant may implead a third party "who is or *may be* liable to him for all or part of the plaintiff's claim against him". (Emphasis added.) The fact that General Insurance has not as yet paid or may not have to pay the claim is immaterial. The motion in this regard is denied.

It is therefore ordered that the motion for a more definite statement be and hereby is denied or granted as indicated in this opinion.