**VAN DYKE FORD, INC., et al.,
Plaintiffs,**

v.

**FORD MOTOR COMPANY et al.,
Defendants.**

No. 75-C-45.

United States District Court,
E. D. Wisconsin.
Aug. 14, 1975.

Robert F. Wood, P. C., Rochester, N. Y., for plaintiff; Jerome H. Block, Appleton, Wis., of counsel.

Whyte, Hirschboeck, Minahan, Harding & Harland, Robert V. Abendroth, Don S. Peterson, Milwaukee, Wis., for Thorp Sales.

Michael, Best & Friedrich, John K. MacIver, Rickard T. O'Neil, David J. Cannon, Milwaukee, Wis., for Stumpf Properties, Les Stumpf Ford & Les Stumpf.

Foley & Lardner, Steven E. Keane, Maurice J. McSweeney, Geoffrey R. Greiveldinger, Milwaukee, Wis., for Ford Motor Co. & Ford Marketing.

Quarles & Brady, Thomas Kloehn, Milwaukee, Wis., for Appleton & Sherwood Banks.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a ten-count action brought by several plaintiffs, each of whom had some association with an auto dealership in Kaukauna, Wisconsin. The defendants include Ford Motor Company and Ford Marketing Corporation (the Ford defendants), Thorp Sales Corporation (Thorp), Sherwood State Bank (Sherwood), Appleton State Bank (Appleton), and Les Stumpf, Les Stumpf Ford, Inc., Stumpf Leasing, Inc., and Stumpf Properties, Inc. (the Stumpf defendants). Plaintiffs allege that these defendants, in various ways and combinations, improperly contributed to the failure of the Kaukauna dealership.

Motions to dismiss the complaint, and to dismiss certain counts thereof, have been filed by several of the defendants. Motions to strike certain matter from the complaint as immaterial and scandalous and to require the plaintiffs to make a more definite statement of their claim have also been filed by the defendant Appleton. A motion to bar the taking of the deposition of one individual has also been filed.

### I.

### DEFENDANT THORP'S MOTION TO DISMISS

Defendant Thorp has moved to dismiss eight counts of the complaint pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of jurisdiction over the subject matter, to dismiss one count pursuant to Rule 12(b)(2) for lack of jurisdiction over the person, and to dismiss the entire complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

The plaintiffs acknowledge that the only federal claim presented against Thorp is that of violating sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, as set forth in count 4 of the complaint. The solitary allegation of the complaint with respect to Thorp states:

"31(V). Subsequent to the signing of said 'surrender' agreement, the Defendants and each of them colluded and cooperated with each other to dispose of the remaining assets of the Kaukauna dealership in such a way so as to benefit themselves and in total disregard of the interests and rights of Plaintiffs. Among other things, Defendants colluded with Defendant Thorp Sales Corporation to insure that Defendant Les Stumpf would secure automobiles, parts, supplies,

equipment and other assets of the Kaukauna dealership far below their reasonable market value and below their normal value at auction."

■ I believe that this allegation, construed liberally, is insufficient to state a claim against Thorp under the relevant sections of the Sherman Act. The complaint does not allege that Thorp was a member of a conspiracy in violation of the antitrust laws, but only states that Thorp colluded with other defendants to auction off plaintiffs' assets. There is no allegation that such collusion constituted a conspiracy in restraint of trade or that Thorp at any time joined the alleged conspiracy by other defendants to restrain and monopolize trade.

■ The complaint also includes an ambiguous allegation against unidentified "defendants" that:

"46. For many years past, . . . Defendants have combined, contracted and conspired and continued to combine, contract and conspire to monopolize and unreasonably restrain trade and commerce in markets in the Fox River Valley area, State of Wisconsin, and throughout the United States, and have attempted to monopolize, monopolize, substantially lessened competition, . . . . ."

Such a conclusory statement, merely alleging a violation in the words of the statute, is also insufficient in the absence of any allegations of Thorp's participation in a conspiracy or monopoly. *Homan Manufacturing Co. v. Russo*, 233 F.2d 547 (7th Cir. 1956). See also *Klebanow v. New York Produce Exchange*, 344 F.2d 294 (2d Cir. 1965), and *Hohensee v. Akron Beacon Journal Publishing Company*, 277 F.2d 359 (6th Cir. 1960). Accordingly, Thorp's motion to dismiss count 4 will be granted.

■ In the absence of diversity, the dismissal of the only federal claim against Thorp requires the dismissal of the plaintiffs' pendent state law claims against Thorp. *Asher v. Harrington*, 461 F.2d 890 (7th Cir. 1972); *Hampton*

*v. Chicago*, 484 F.2d 602 (7th Cir. 1973); *Ace Van Lines & Movers, Inc. v. Republic Van & Storage Co.*, 369 F. Supp. 61 (E.D.Wis.1973). Therefore, Thorp's motion to dismiss the complaint will be granted. Consequently, it is unnecessary to consider Thorp's challenges to the sufficiency of each of the state counts for failure to comply with Rule 9(b), Federal Rules of Civil Procedure, or with state law.

## II.

### SHERWOOD'S MOTION TO DISMISS

Defendant Sherwood has moved to dismiss the complaint pursuant to Rule 12(b)(1) and 12(b)(6) for want of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Plaintiffs agree that there is but one federal claim made against Sherwood, namely that of violating sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1–2, as set forth in count 4 of the complaint.

The only allegations which might be construed to refer to Sherwood state:

"23. [T]he Defendants, and each of them, by and through their agents, officers, employees and representatives made certain statements for the purpose of inducing Plaintiffs to rely upon them and to enter into certain agreements and to otherwise alter and change their position. These statements, promises and representations were false and fraudulent when made and the said Defendants knew or had reason to know that they were false and fraudulent when they made them."

Subsequent paragraphs of the complaint contain the plaintiffs' allegations of such fraudulent representations by each defendant. Of these, only paragraph 27 deals with Sherwood, and it is no more specific than paragraph 23:

"27. Defendant Sherwood State Bank and Defendant Thorp Sales Corporation, by and through their

agents, officers, employees and representatives, made certain statements and representations to Plaintiffs for the purpose of inducing Plaintiffs to rely upon them and to enter into various agreements, and to otherwise alter and change their position, all as more particularly hereinafter set forth."

No such "certain statements and representations" by Sherwood are thereafter set forth.

Paragraph 31(V), alleging collusion and cooperation by each of the defendants in a fraudulent sale of the plaintiffs' assets, and paragraph 46, alleging in conclusory language a conspiracy by "defendants" in violation of sections 1 and 2 of the Sherman Act, could each possibly be construed as referring to Sherwood. These paragraphs are reproduced above in the discussion of defendant Thorp's motion to dismiss.

█ I believe that paragraphs 23 and 27, alleging unspecified fraudulent representations, add nothing to the purported antitrust allegations of paragraphs 31(V) and 46. Even if the additional allegations were sufficiently specific to state a claim for fraud, which they are not, there is no suggestion that the fraud was related to an antitrust conspiracy. Accordingly, the federal claim against Sherwood will be dismissed for the reasons which governed the dismissal of the same claim against Thorp. It also follows that the pendent state law claims against Sherwood, like those against Thorp, will be dismissed, and the motion of Sherwood to dismiss the complaint will be granted.

### III.

### APPLETON'S MOTIONS

The defendant Appleton has moved to dismiss the action pursuant to Rule 12(b)(1) and 12(b)(6) for want of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Appleton has also moved to strike "certain immaterial and scandalous matter" from the complaint pursuant to Rule 12(f) and, in the alternative, to require plaintiffs to make a more definite statement of their claim.

### A. APPLETON'S MOTION TO DISMISS

The only federal claim which the plaintiffs have presented against Appleton, like their claims against Thorp and Sherwood, is that of count 4, alleging violation of sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. In addition to several allegations of fraudulent misrepresentation and breach of contract, the antitrust count alleges, in part:

"31. (B) Instead of assisting and cooperating with Plaintiffs, as promised, Defendants Company, Marketing, Stumpf and Appleton State Bank colluded and cooperated with each other, when it suited their purposes, in efforts to extract more and more funds from Plaintiffs, and when such funds were not forthcoming, to compel Plaintiffs' termination and force them out of business.

"(Q) Defendant Appleton State Bank frequently and unreasonably refused to accept retail paper from Plaintiffs and, when the same paper or sale was offered to said Defendant by Defendant Stumpf, Defendant Appleton State Bank accepted same.

"(T) When Plaintiffs attempted to secure the necessary financing from other sources, Defendant Appleton State Bank offered and supplied false information to other lending institutions regarding the status of Plaintiffs' accounts and financial condition for the purpose of insuring that Plaintiffs would be unable to secure such other financing."

The allegations of paragraphs 31(V) and 46, reproduced above in the discussion of Thorp's motion to dismiss, could also be construed to apply to the defendant Appleton.

█ I believe that the foregoing allegations of count 4, which I must

accept as true for the purposes of this motion, are sufficient to charge Appleton with participation in a conspiracy to terminate the plaintiffs' business.

■ Appleton urges that there are additional elements for a sufficient claim under the Sherman Act which have not been alleged. First, it is suggested that the plaintiffs have failed to plead the effect on interstate commerce required by the Act. I believe that pararaphs 43 through 46 of the complaint, describing the Ford defendants' national automobile marketing mechanism and alleging a conspiracy "to monopolize and unreasonably restrain trade and commerce in markets in the Fox River Valley area, State of Wisconsin, and throughout the United States," provide sufficient content to the allegation of paragraph 55 to meet this objection, at least with respect to a motion to dismiss. Paragraph 55 of the complaint reads:

"55. The effects of the violations aforementioned have been that competition in the defined market has been foreclosed, monopolized, unreasonably restrained and lessened."

■ Appleton also requests dismissal of the conspiracy to monopolize claim because of the plaintiffs' alleged failure sufficiently to state the relevant market. *Mullis v. Arco Petroleum Corp.*, 502 F.2d 290 (7th Cir. 1974), upon which Appleton relies, does not, however, support a requirement that the market be defined in the complaint, as that case involved injunctive relief, the availability of which depended on the evidence presented. A relevant market must be defined, of course, but this need not be accomplished in the pleadings and may be left for proof at trial. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

■ Appleton also argues that plaintiffs have failed to allege an "unreasonable" restraint of trade, as required for a claim under the Sherman Act. Appleton contends that the facts alleged show no more than the replacement of one dealership in a local market by another, and therefore, no public injury. However, the complaint does assert the existence of two Ford dealerships in Outagamie County before the termination of plaintiffs' business, and only one thereafter. Thus, the restraint of trade among *competitors* required in *Austin v. House of Vision, Inc.*, 404 F.2d 401 (7th Cir. 1969), has been alleged.

■ There is no requirement, contrary to Appleton's belief, that all conspirators must be competitors of the antitrust plaintiff. Liability has been imposed on parties who conspired with a plaintiff's competitor to destroy his business by discriminating between the plaintiff and the competitor in the terms of their dealings. *Kloss, Inc. v. Broadway-Hale Stores, Inc.*, 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741 (1959). This type of concerted discrimination is alleged against Appleton in this action. I believe the allegations of the plaintiffs are sufficient to present participation in a conspiracy to destroy a competitor by unfair or unlawful means, prohibited by section 1 of the Sherman Act. *Albert Pick-Barth Co. v. Mitchell Woodbury Corp.*, 57 F.2d 96 (1st Cir. 1932), cert. den. 286 U.S. 552, 52 S.Ct. 503, 76 L.Ed. 1288 (1932). Accordingly, Appleton's motion to dismiss the federal antitrust claim will be denied.

■ Appleton also seeks the dismissal of the pendent state law claims, which allege fraudulent misrepresentation, breach of contract, breach of fiduciary duty, wrongful dishonor of checks, tortious interference with business, libel and slander, and violation of Wisconsin antitrust law, for want of subject matter jurisdiction. These claims are based on the very same acts providing the basis for the federal claim of engaging in a conspiracy in violation of the Sherman Act. Prior to the filing of the complaint in this action, Appleton instituted an action in the state courts for a deficiency judgment against Van Dyke on certain financing agree-

ments involved in this action. However, there is no indication in the record that all of the evidence in support of the pendent claims could be presented in that state action. Accordingly, the motion to dismiss the pendent claims will be denied.

## B. APPLETON'S MOTION TO STRIKE

 Appleton has moved, pursuant to Rule 12(f), Federal Rules of Civil Procedure, to strike as immaterial and scandalous an allegation of criminal mail fraud by Appleton and allegations naming a state circuit judge, Gordon Myse. Motions to strike are not favored. Matter will not be stricken unless it is evident that it has no bearing upon the subject matter of the litigation. *Warner & Swasey Company v. Held,* 256 F.Supp. 303 (E.D.Wis.1966). I cannot say, at this stage of the proceedings, that it is clear that these allegations are irrelevant to the litigation. Nor do I find them scandalous or prejudicial to the defendant. Therefore, the motion to strike will be denied.

## C. APPLETON'S MOTION FOR MORE DEFINITE STATEMENT

Appleton has moved, pursuant to Rule 12(e), Federal Rules of Civil Procedure, for a more definite statement of the complaint. Specifically, the defendant requests that the plaintiff be required in each instance to state the specific plaintiff intended by a reference to "plaintiffs," the specific defendant intended by a reference to "defendants," and where "various agreements" are mentioned, to identify each agreement by date and parties and state whether it is written or oral. Plaintiffs have not opposed this motion in their brief.

 The oral or written nature of agreements and the date of such agreements are proper subjects of a motion to make more definite. *International Harvester Co. v. General Ins. Co.,* 45 F.R.D. 4 (E.D.Wis.1968); *Hartman Elec. Mfg. Co. v. Prime Mfg. Co.,*

9 F.R.D. 510 (E.D.Wis.1949). Specific identification of the parties to the activities alleged by the plaintiffs is required in this action to enable the defendant to plead intelligently. This is particularly appropriate since nothing is specifically alleged regarding two of the plaintiffs, Mid-American Financial Corporation and United National Leasing Corporation, aside from their existence, and the complaint frequently refers to "plaintiffs" or "defendants" without indicating which of the five plaintiffs or nine defendants are intended.

Accordingly, Appleton's motion for more definite statement will be granted.

## IV.

## STUMPF MOTIONS

The Stumpf defendants have moved to dismiss the complaint pursuant to Rule 12(b)(1), 12(b)(2), and 12(b)(6), Federal Rules of Civil Procedure. The plaintiffs acknowledge in their brief that only count 4, which alleges a violation of sections 1 and 2 of the Sherman Act, presents a federal claim against the Stumpf defendants, and that jurisdiction over the remaining counts depends upon pendent jurisdiction.

In addition to several allegations of fraudulent misrepresentation, count 4 alleges, in part:

"31. (B) Instead of assisting and cooperating with Plaintiffs, as promised, Defendants Company, Marketing, Stumpf and Appleton State Bank colluded and cooperated with each other, when it suited their purposes, in efforts to extract more and more funds from Plaintiffs, and when such funds were not forthcoming, to compel Plaintiffs' termination and force them out of business."

Subsequent sections of paragraph 31 include allegations that Stumpf reneged upon the terms of a lease and agreement with the plaintiffs, directed employees to remove equipment belonging to the

plaintiffs from the Kaukauna dealership, demanded and obtained payment from the plaintiffs for fixtures which were rightfully theirs, and interfered with the plaintiffs' business relationships by uttering false and malicious statements. The allegations of paragraphs 31(V) and 46, reproduced above in the discussion of Thorp's motion to dismiss, could also be construed to apply to the Stumpf defendants.

■ The Stumpf defendants have challenged the sufficiency of these allegations to state a claim against them upon which relief can be granted. Their challenge is based on the same grounds that are found in the defendant Appleton's motion to dismiss this count. I believe that the reasons for denying Appleton's motion are also applicable to this motion, and the motion of the Stumpf defendants to dismiss count 4 will accordingly be denied.

The Stumpf defendants' motion to dismiss is also directed at the other 9 counts of the complaint. In my opinion, none of such counts should be dismissed on this motion. A brief comment follows with regard to each of the other 9 counts. Counts 2 and 3 are directed against the Ford defendants. Count 8 makes no claims against the Stumpf defendants.

■ Count 5 alleges a violation of the Wisconsin antitrust laws (Chapter 133, Wis.Stats). Since count 5 parallels the allegations of Sherman Act violations of count 4, and since Chapter 133 parallels the Sherman Act, the reasoning which supported the denial of the motion to dismiss that count is applicable here.

■ Count 6 alleges a common law conspiracy to terminate the plaintiffs' business. It is challenged for failing to allege any specific transaction or occurrence as required by Rule 10(b), Federal Rules of Civil Procedure. However, paragraphs 1 through 60 of the complaint, incorporated by reference into count 6, allege many transactions and

occurrences, at least several of which are specifically identified.

Count 7 alleges breaches of contracts between the defendants and the plaintiffs and is challenged by the Stumpf defendants as repetitive and duplicitous of count 1 and as vague and generalized. The plaintiffs' use of incorporation by reference in the complaint to an extent which I believe is excessive has led to the pleading of considerable unnecessary matter. Nevertheless, the theory and basis of the two counts are easily distinguishable. The granting of the defendant Appleton's motion for more definite statement should resolve the Stumpf defendants' concern for greater specificity.

■ Count 9 alleges tortious interference with the business of the plaintiffs and is challenged as vague and unspecific. However, specific acts of tortious interference by the Stumpf defendants are alleged in the paragraphs incorporated by reference into count 9.

Count 10, alleging common law business slander, is challenged as duplicitous *and* redundant for restating the allegations of counts 1 and 9. Like the challenge to count 7, the motion to dismiss this count arises from the plaintiffs' inartful use of incorporation by reference. Nonetheless, the theory and basis of count 10 is clearly distinguishable from the fraudulent representation of count 1 or the tortious interference of count 9.

## V.

## DISCOVERY MOTION

■ After the briefing schedule on the above motions had run its course, the defendants Appleton and Sherwood filed a motion to bar the taking of the deposition of Donald L. Lautenschlager. The motion is supported by the affidavit of Mr. Lautenschlager's physician, which states that the taking of Mr.

Lautenschlager's deposition at this time would pose a substantial threat to his health and even to his life, because of a serious heart condition. The other parties to the litigation have not opposed the motion, and I believe it should be granted. In the event that Mr. Lautenschlager's health should improve, any party will, of course, be free to request leave to take his deposition.

## VI.

### CONCLUSION

Therefore, it is ordered that the defendant Thorp's motion to dismiss be and hereby is granted.

It is also ordered that the defendant Sherwood's motion to dismiss be and hereby is granted.

It is further ordered that the defendant Appleton's motion to dismiss be and hereby is denied.

It is further ordered that the defendant Appleton's motion to strike be and hereby is denied.

It is further ordered that the defendant Appleton's motion for a more definite statement be and hereby is granted. Within 20 days the plaintiffs are to identify the specific plaintiff intended by each reference to "plaintiffs," and the specific defendant intended by each reference to "defendants" in the complaint, and where "various agreements" are referred to, to identify each agreement by date and parties and to state whether it is oral or written.

It is further ordered that the Stumpf defendants' motion to dismiss be and hereby is denied.

It is further ordered that the motion of the defendants Appleton and Sherwood to bar the taking of the deposition of Donald L. Lautenschlager be and hereby is granted, without prejudice to the right of any party to request leave to depose him in the event that his health improves.