Daniel YAKSICH, Jr., Appellant
(Plaintiff Below),

v.

Vladimir GASTEVICH, Sr., Appellee
(Defendant Below).

No. 4-1081A166.

Court of Appeals of Indiana,
Fourth District.

Oct. 20, 1982.

Lee F. Mellinger, Mellinger & Bowers, Elkhart, for appellant.

Robert A. Pete of the Law Firm of Vladimir Gastevich, Sr., Gary, for appellee.

MILLER, Judge.

Plaintiff-appellant Daniel Yaksich, Jr. brings this appeal contesting the trial court's dismissal with prejudice of his pro se complaint for legal malpractice against Vladimir Gastevich, Sr. Gastevich filed a motion for more definite statement, and, when Yaksich failed to amend his complaint within 22 days, the trial court dismissed his action with prejudice. This appeal raises several issues including:

1) Did the trial court err in granting Gastevich's motion for more definite statement?

2) Was the dismissal procedurally incorrect?

3) Should the dismissal be set aside for excusable neglect?[1]

For the reasons which follow, we affirm the trial court's issuance of its order for more definite statement but reverse its dismissal of Yaksich's complaint for failure to provide him a hearing on the motion to dismiss.

---

1. Yaksich also raised error in his brief contending he was entitled to a hearing on Gastevich's motion for more definite statement. He failed to raise this issue in his motion to correct errors so it is waived. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

FACTS

Yaksich filed his pro se complaint for legal malpractice against Gastevich on December 9, 1980, which complaint absent its formal parts, reads as follows:

"1. That plaintiff, Daniel Yaksich, Jr. is a resident of the City of Crown Point, County of Lake, State of Indiana.

2. That defendant, Vladimir Gastevich, Sr., at all times relevant herein, was and now is, an attorney duly licensed to practice under the laws of the State of Indiana.

3. That prior to and including December 7, 1978, while defendant was practicing his profession plaintiff employed defendant's services for the purchase of a business and real estate, more commonly known as the Wayfarer Inn and property immediately west of said restaurant.

4. That defendant prepared the papers for the purchase of said real estate parcels is [sic] a careless and negligent manner and/or failed to properly prepare the necessary papers to vest ownership interest in said property in plaintiff's name resulting in the loss of said property by plaintiff.

5. Further, defendant carelessly and negligently handled the funds of plaintiff entrusted to him and/or failed to properly account to plaintiff for his funds deposited with defendant."

(Tr. p. 5.) After two extensions of time, Gastevich filed a motion for more definite statement on March 2, 1981, which the court granted that same day, ordering Yaksich to amend his complaint. On March 24, 1981, 22 days after the motion was granted, the trial court ordered the complaint dismissed with prejudice, for Yaksich's failure to amend, without a hearing on the matter.

DISCUSSION

1. *Motion For More Definite Statement*

We first address the propriety of the trial court's granting Gastevich's motion for more definite statement, as provided in Ind. Rules of Procedure, Trial Rule 12(E).[2] Yaksich generally alleged acts of negligence which would ordinarily survive a motion to dismiss under Ind. Rules of Procedure, Trial Rule 12(B)(6). He alleged that such acts took place while he employed Gastevich as counsel, "prior to and including December 7, 1978." Gastevich requested more particularity both with respect to the alleged acts of misconduct and the actual dates said acts occurred. Ordinarily, a T.R. 12(E) motion can not be utilized as a substitute for discovery in order to elicit facts. *International Harvester Co. v. General Insurance Co. of America*, (E.D.Wis. 1968) 45 F.R.D. 4.[3] However, we observe in Yaksich's complaint a possible problem with the statute of limitations that may preclude his recovery, a problem Gastevich is required to address in his answer.[4]

Indiana courts clearly prefer the use of a T.R. 12(E) motion for more definite statement over a motion to dismiss when a complaint needs clarification. *State v. Ran-*

2. T.R. 12(E) is as follows:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within twenty [20] days after notice of the order or within such other time as the court may fix the court may strike the pleading to which the motion was directed or make such order as it deems just."

3. In the absence of Indiana case law, we rely on federal authority when the rules of procedure

of both jurisdictions are similar. *See Gumz v. Starke County Farm Bureau Co-operative Association, Inc.*, (1979) Ind., 395 N.E.2d 257; *Foster v. United Home Improvement Co.*, (1981) Ind.App., 428 N.E.2d 1351.

4. The Indiana statute of limitations for attorney malpractice is two years. Ind.Code 34–1–2–2; *Shideler v. Dwyer*, (1981) Ind., 417 N.E.2d 281. Yaksich's complaint alleges employment of Gastevich through December 7, 1978. The complaint was filed December 8, 1980; thus, if an act of negligence actually occurred December 7, the action was just within the two-year statute of limitations. (December 7 fell on Sunday in 1980.) But any acts prior to December 7, 1978 may be time-barred.

kin, (1973) 260 Ind. 228, 294 N.E.2d 604; *Field v. Area Plan Commission of Grant County,* (1981) Ind.App., 421 N.E.2d 1132; *Sekerez v. Gehring,* (1981) Ind.App., 419 N.E.2d 1004. A motion for more definite statement has been specifically upheld when it is not apparent from the face of the complaint whether a statute of limitations defense can be raised. In a situation almost identical to the case here, one federal court stated:

> "Rule 8(c), Federal Rules of Civil Procedure, requires the defense of statute of limitations to be raised by affirmative defense in the answer. To enable the defendants to frame an adequate answer and properly determine what defenses are available to it, the court concludes that the third party plaintiff must make a more definite assertion of dates on which these acts allegedly occurred. See *Kuenzell v. United States,* 20 F.R.D. 96 (N.D.Cal.1957). See also *Supreme Wine Co. v. Distributors of New England, Inc.,* 198 F.Supp. 318 (D.Mass.1961) and *Hartman Electrical Mfg. Co. v. Prime Mfg. Co.,* 9 F.R.D. 510 (E.D.Wis.1949). I read this complaint as alleging that each transaction took place at a fixed time during the periods alleged; it is not claimed that the acts were *continuous* between two widely separated dated." (Emphasis in original.)

*International Harvester Co. v. General Insurance Co. of America, supra,* 45 F.R.D. at 7; *accord, Van Dyke Ford, Inc. v. Ford Motor Co.,* (E.D.Wis.1975) 399 F.Supp. 277; *Pentz v. Downey,* (E.D.Pa.1953) 110 F.Supp. 642.

This vehicle for clarifying a complaint also employs much less judicial time by allowing an immediate motion to dismiss rather than requiring discovery of the dates and allowing Gastevich to later amend his answer. "Ordinarily, motions under Rule 12(e) are not to be favored because of their dilatory effect. But if the motion will expedite the determination of a case by a motion to dismiss, it should be favored." 2A J. MOORE'S FEDERAL PRACTICE. ¶ 12.18[4] (2d ed. 1981). After a consideration of all these factors, we hold that under the facts of this case, the trial court did not err when it granted Gastevich's motion for more definite statement and ordered Yaksich to amend his complaint.

**2. *Motion To Dismiss Without Hearing.***

However, we also hold the trial court improperly granted Gastevich's motion to dismiss without providing a hearing. Ind. Rules of Procedure, Trial Rule 41(E) clearly governs this case: "Whenever there has been a failure to comply with these rules . . . , the court, on motion of a party or on its own motion *shall order a hearing* for the purpose of dismissing such case." (Emphasis added.) *Id.* Our Supreme Court recently addressed this specific issue in *Rumfelt v. Himes,* (1982) Ind., 438 N.E.2d 980, wherein the Court held a T.R. 41(E) hearing was mandatory and failure to comply with this exaction was reversible error. In the cause here, Yaksich failed to comply with T.R. 12(E); however, he was never afforded a hearing on Gastevich's motion to dismiss for such failure. This was reversible error.[5]

Thus, we affirm in part, reverse in part, and remand to the trial court for further proceedings.

YOUNG, P. J., and STATON, J. (sitting by designation), concur.

---

**5.** The record does not reveal when or how Yaksich was given notice that he was required to amend his complaint. He was not present in court when the judge granted the *motion to make more specific.* Assuming it is established the court clerk properly *mailed* notice in compliance with Ind. Rules of Procedure, Trial Rule 72(D), Yaksich had an additional three days in which to amend. Ind. Rules of Procedure, Trial Rule 6(E); *State ex rel. Sargent Lundy v. Vigo Superior Court,* (1973) 260 Ind. 472, 296 N.E.2d 785. At a minimum, therefore, Yaksich had 23 days in which to obey the order—20 days as specified in T.R. 12(E) (the trial court not having fixed any other period) plus three days under T.R. 6(E). Under these circumstances, the dismissal action after only 22 days would have been premature.