**METROPOLITAN LIQUOR COMPANY, Inc., a Wisconsin corporation, Plaintiff,**

**v.**

**HEUBLEIN, INC., a Connecticut corporation, and Vintage Wine, Inc., a New York corporation, Defendants.**

**No. 69-C-77.**

United States District Court
E. D. Wisconsin.

Oct. 20, 1969.

Foley, Sammond & Lardner, by Steven E. Keane, Milwaukee, Wis., for plaintiff.

Michael, Best & Friedrich, by Rickard T. O'Neil, Milwaukee, Wis., and Chadwell, Keck, Kayser & Ruggles, Chicago, Ill., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant, Heublein, Inc., has moved to dismiss all four of plaintiff's causes of action under rule 12, Federal Rules of Civil Procedure. Vintage Wine, Inc., is a division of Heublein, Inc.

The facts, as presented by the plaintiff, show that the plaintiff is a Wisconsin corporation which had a sole distributorship of Lancer's wine in Wisconsin from Vintage Wine, Inc. In January, 1965, Heublein, Inc. acquired the stock of Vintage, and the plaintiff's distributorship continued. On November 11, 1968, Heublein notified the plaintiff that on February 1, 1969, the distributors of other Heublein alcoholic products in Wisconsin would also be granted the right to sell Lancer's wine.

## FIRST CAUSE OF ACTION

The first cause of action alleges an acquisition under 15 U.S.C. § 18, the effect of which may be to substantially lessen competition, or to tend to create a monopoly. The plaintiff contends that it can bring this action under the authority of 15 U.S.C. § 15 (§ 4 of the Clayton Act), which allows one, injured in business by reason of anything forbidden in the antitrust laws, to bring a private action for damages.

The defendants have advanced three arguments to support their motion to dismiss the first cause of action. First, that the statute of limitations has run; secondly, that no right of action accrues to a private party for an alleged violation of 15 U.S.C. § 18; and thirdly, that a private party cannot sue under 15 U.S.C. § 18 unless that party competes directly with one of the defendants and can thereby establish compensable damages.

15 U.S.C. § 15b provides that a suit to enforce a claim under § 15 must be commenced within four years after the cause of action accrued. The complaint was filed on February 24, 1969. Unless the cause of action accrued after February 24, 1965, the action is barred.

The defendants argue that the cause of action accrued at the time of the acquisition of Vintage by Heublein in January, 1965. The defendants cite the following cases to support this line of reasoning: Dairy Foods, Inc. v. Farmers Co-Operative Creamery, 298 F.Supp. 774 (D.Minn. 1969); Bailey's Bakery, Ltd. v. Continental Baking Co., 235 F.Supp. 705 (D.Hawaii 1964).

The plaintiff argues that the action accrues upon the commission of the injury-causing act. The injury-causing act alleged here is the issuance of more distributorships by Heublein. Plaintiff also has authority for its position: Highland Supply Corp. v. Reynolds Metals Co., 221 F.Supp. 15 (E.D.Mo.1963) rev'd on other grounds, 327 F.2d 725 (8th Cir. 1964).

This court must especially heed decisions of the court of appeals for the seventh circuit which deal with the statute of limitations in antitrust actions. Baldwin v. Loew's Inc., 312 F.2d 387 (7th Cir. 1963), was an antitrust action by a movie theater owner against several movie companies. The court said at p. 390:

"Where one has been injured by a civil conspiracy a statute of limitations begins to run at the time that injury is inflicted."

The court must consider the question of when the injury in our case occurred. In the earlier case of Emich Motors, Corp. v. General Motors Corp., 229 F.2d 714, 719 (7th Cir. 1956), it was said:

"With a few exceptions not here material, statutes of limitations begin running on the date on which the plaintiff first has a right to bring action."

The court there held that the action accrued when the plaintiff first received notice that his automobile dealership was cancelled.

■ The two cited cases decided in this circuit establish the following test: The action accrues when the plaintiff is first injured or can bring the action. What must then be decided is when the plaintiff in the case at bar could first bring the action. The court in Julius M. Ames Co. v. Bostitch, Inc., 240 F.Supp. 521 (S.D.N.Y.1965) found that no action could be brought under 15 U.S.C. § 18 until the plaintiff was injured. It does not appear from the pleadings that Metropolitan Liquor Company was injured by the acquisition until Heublein appointed more distributors. The court in Highland Supply Corp. v. Reynolds Metals Co., 221 F.Supp. 15 (E.D.Mo. 1963), relying on the seventh circuit decision in Emich, stated at p. 18 that the action accrued

" * * * at the time when plaintiff first sustained damage as a result of the merger with the prohibited potential effects."

It is inappropriate to adopt a hard and fast rule that the statute of limitations begins to run at the time of an acquisition. I therefore conclude that the cause of action asserted under 15 U.S.C. § 18 is not barred by the statute of limitations, and the cause of action accrued at the time when plaintiff claims that he was first injured, which was at the time that Heublein allegedly appointed more distributors.

The defendants' next contention is that no right of action for damages accrues to a private party for alleged violations of 15 U.S.C. § 18. In Dailey v. Quality School Plan, Inc., 380 F.2d 484, 488 (5th Cir. 1967), the court stated:

"We see no escape from the logic that § 7 of the Clayton Act [15 U.S.C. § 18] is an antitrust statute within the scope and meaning of § 4 of the Act and so hold."

The second circuit recently held the same way in Gottesman v. General Motors Corp., 414 F.2d 956 (2d Cir. 1969).

Section 15 of 15 U.S.C. (§ 4 of the Clayton Act), provides as follows:

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor * * *."

The argument for barring a private action is that 15 U.S.C. § 18 is concerned with the *future* monopolistic and restraining tendencies of corporate acquisition. This argument was rejected in Julius M. Ames Co. v. Bostitch, Inc., 240 F.Supp. 521, 526 (S.D.N.Y.1965), where the court concluded by saying:

"I hold that the complaint sufficiently alleges that plaintiffs have been injured in their business and property by reason of conduct of defendant which is forbidden by Section 7 of the Clayton Act * * *."

■ I conclude that there can be a cause of action for damages accruing to a private party for alleged violation of 15 U.S.C. § 18.

■ The defendants' next argument is that the plaintiff states no cause of action under 15 U.S.C. § 18 because the plaintiff does not directly compete with

the defendants and therefore can show no compensable damages. In light of my decision that there may be a cause of action by a private party under 15 U.S.C. § 18, I believe that the plaintiff should not be foreclosed from attempting to prove, at a trial, any damages which it may have suffered.

In deciding a motion to dismiss a complaint, the facts must be taken most favorably to the plaintiff. The plaintiff has alleged that it has been damaged by the acquisition, and it should be given an opportunity to prove it. Rayco Manufacturing Co. v. Dunn, 234 F.Supp. 593 (N.D.Ill.1964), cited by the defendants as supporting their position, does little more than require that the plaintiff's injuries be proximate to the acquisition; Metropolitan Liquor Company has adequately alleged such facts. Therefore, the plaintiff's cause of action under 15 U.S.C. § 18 will not be stricken on the ground that it has not shown compensable injury.

## SECOND CAUSE OF ACTION

■ This cause of action arises under 15 U.S.C. § 1 (§ 1 of the Sherman Act), which prohibits contracts, combinations, or conspiracies in restraint of trade. The conspiracy alleged is that the two defendants agreed, before the acquisition, to eliminate the plaintiff as a distributor. This may be grounds for an action under 15 U.S.C. § 18, but such allegations, even assuming that other distributors conspired also, do not state a claim upon which relief can be granted under 15 U.S.C. § 1. In Industrial Building Materials, Inc. v. Interchemical Corp., 278 F.Supp. 938, 964 (C.D.Cal.1967), the court said:

> "It has been indicated previously, the Sherman Act does not apply to the exercise by a manufacturer of its power to control the sale of its products. The manufacturer may eliminate existing distributors, establish new ones, or otherwise vary its distribution program without violating the antitrust laws * * *."

In Ace Beer Distributors, Inc. v. Kohn, Inc., 318 F.2d 283 (6th Cir. 1963), the plaintiff alleged a conspiracy between the manufacturer and another distributor to deprive plaintiff of its distributorship. The court held that even if such a conspiracy existed, that alone would not show a violation of 15 U.S.C. § 1. See also, Packard Motor Car Co. v. Webster Motor Car Co., 100 U.S.App.D.C. 161, 243 F.2d 418 (1957), cert. den. 355 U.S. 822, 78 S.Ct. 29, 2 L.Ed.2d 38 (1957); Schwing Motor Co. v. Hudson Sales Corp., 138 F. Supp. 899 (D.Md.1956), aff'd per curiam, 239 F.2d 176 (4th Cir. 1956), cert. den. 355 U.S. 823, 78 S.Ct. 30, 2 L.Ed.2d 38 (1957).

In my opinion, an action by a manufacturer or an importer to deprive a distributor of its distributorship does not state a claim for relief under 15 U.S.C. § 1. The fact that the defendant Heublein may have conspired with the defendant Vintage to accomplish this purpose does not alter the governing rule. It follows that the second cause of action must be dismissed.

## THIRD CAUSE OF ACTION

■ The plaintiff's third cause of action is one for damages for breach of contract. The contract was admittedly oral, and defendant moves that this cause of action be dismissed because it falls within the provisions of the statute of frauds, Wis.Stat. § 241.02(1). This section provides:

> "In the following case every agreement shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith:
>
> (1) Every agreement that by its terms is not to be performed within one year from the making thereof."

Paragraph 24 of the plaintiff's complaint alleges:

> " * * * that plaintiff's distributorship franchise for Lancer's wine would not be modified as long as plaintiff

satisfactorily performed its obligations as a distributor of that product."

Even though the oral contract has existed and allegedly been adhered to for the past 20 years, upon its own terms it could have been performed within a year. If the plaintiff had not satisfactorily performed its obligation as a distributor within the first year, the contract could have been ended. In Nelsen v. Farmers Mutual Automobile Insurance Co., 4 Wis. 2d 36, 90 N.W.2d 123 (1958), the court held that a contract for an indefinite period was not void under the statute of frauds because it could have been performed within the year. 1952 Wis.L.Rev. 711, 714. Since the contract in the case at bar could have been performed within a year, it withstands the challenge based on the statute of frauds. The motion to dismiss the third cause of action must be denied.

## FOURTH CAUSE OF ACTION

 Plaintiff's fourth cause of action is brought under Wis.Stat. § 402.309(2) and (3), which require reasonable notice of cancellation of a contract. Plaintiff alleges that the 81 days' notice given them by defendants prior to the alleged cancellation was not reasonable.

In support of their motion to dismiss, the defendants again argue the statute of frauds. However, as was noted above in connection with the third cause of action, the statute of frauds does not apply to this cause of action.

The defendants also urge that Wis. Stat. § 402.309 specifies a "termination" of the contract, and that they have not terminated the contract. The plaintiff has alleged in paragraph 11 of its complaint that its contract "in effect has been cancelled" by the defendant Heublein, but Wis.Stat. § 402.309 requires a "termination".

Wis.Stat. § 402.106(3) and (4) define and distinguish the words "termination" and "cancellation" as used in this portion of the commercial code; although the two words have related meanings in ordinary verbiage, they have very separate and distinct meanings under the statute. Therefore, because the plaintiff has not alleged a termination, it cannot complain of unreasonable notice under that statute. It follows that this cause of action should be dismissed without prejudice.

It is therefore ordered that the defendants' motion to dismiss the plaintiff's second and fourth causes of action be and hereby is granted, and the motion to dismiss the first and third causes of action be and hereby is denied. The dismissal of the fourth cause of action is without prejudice.