**METROPOLITAN LIQUOR COMPANY, Inc., a Wisconsin corporation, Plaintiff,**

v.

**HEUBLEIN, INC., a Connecticut corporation, and Vintage Wine, Inc., a New York corporation, Defendants.**

**No. 69–C–77.**

United States District Court, E. D. Wisconsin.

May 15, 1970.

74

Foley & Lardner, by Maurice J. Mc-Sweeney, Milwaukee, Wis., for plaintiff.

Michael, Best & Friedrich, by Rickard T. O'Neil, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

In a decision and order filed on October 20, 1969, this court dismissed the plaintiff's fourth cause of action without prejudice. The reason for the dismissal was the plaintiff's use of the word "cancellation" when the statute relied upon by the plaintiff required the word "termination". See Metropolitan Liquor Company v. Heublein, Inc., 305 F.Supp. 946, 950 (E.D.Wis.1969). The plaintiff now moves under Rule 15(a), Federal Rules of Civil Procedure, to amend the complaint to substitute "termination" for "cancellation" in its fourth cause of action.

In briefs filed on this motion, the defendant states that it has no objection to the proposed amendment, but it asserts that the amendment does not necessarily reinstate the fourth cause of action. I find that the amendment is warranted and that it reinstates the fourth cause of action.

Rule 15(a), Federal Rules of Civil Procedure, provides in part:

"* * * leave [to amend] shall be freely given when justice so requires."

The Supreme Court in Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), has held that Rule 15 should be liberally construed since it is not the policy of the federal courts to avoid decisions on the merits on the basis of "mere technicalities". See also, Sears, Roebuck & Co. v. American Plumbing & Supply Co., 19 F.R.D. 334, 337 (E.D. Wis.1956); and 3 Moore's Federal Practice § 15.02(1), P. 813 (1964).

The interest of justice requires the granting of this motion. Since the plaintiff could, if this motion were denied, start a new action based on the same cause of action, I deem it better to allow it to be reinstated in this one action. Under Rule 15(c), Federal Rules

of Civil Procedure, this amendment relates back to the date of the original complaint.

The defendant argues that a possible legal insufficiency remains; the court considered this issue in the defendant's motion to dismiss of May 1, 1969. Briefs were submitted, and the court rendered its decision on October 20, 1969. The defendant there argued two grounds for dismissal of the fourth cause of action; the court ruled for the plaintiff on the statute of limitations argument and now rules for the plaintiff on the other issue of "termination".

The defendant had its kick at the cat by its first motion to dismiss; the defendant's suggestion that now the legal sufficiency of the fourth cause of action should again be decided ignores the fact that a court is hesitant to rule on the same motion more than once. In the case of In re Walton Hotel Co., 116 F.2d 110, 112 (7th Cir. 1940), the court said:

"But decisions on motions do not necessarily have the force of res adjudicata. Courts possess discretion to permit a second application. Whether such renewal shall be entertained depends upon the circumstances of the case; for courts have the power to prevent vexatious and repeated pleadings upon the same point and ordinarily exercise their discretion to preclude reagitation of the same question on the same state of facts. These rules have their origin in the necessity of orderly conduct of business."

No further briefing is necessary. If the defendant wishes to further challenge the legal sufficiency of the plaintiff's fourth cause of action, it can do so at trial.

Therefore, it is ordered that the plaintiff's motion for leave to amend be and hereby is granted and such amendment relates back to the original complaint.