**ACE VAN LINES & MOVERS, INC., a Wisconsin corporation, Plaintiff,**

v.

**REPUBLIC VAN & STORAGE CO., a foreign corporation et al., Defendants.**

**No. 73–C–333.**

United States District Court,
E. D. Wisconsin.

Nov. 2, 1973.

Hersh & Stupar by Frederick Hersh, Milwaukee, Wis., for plaintiff.

Foley & Lardner by Gilbert W. Church, Milwaukee, Wis., for Republic Van, Farren & Mockard.

Barnett W. Franks, Milwaukee, Wis., for Behling and Gitchell.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the plaintiff's motion for a preliminary injunction. Also, the defendants have filed a motion for summary judgment, which will be treated as a motion to dismiss brought under Rule 12(b), Federal Rules of Civil Procedure, since the affidavits submitted by the defendant are not necessary for the purpose of the disposition of this matter.

The plaintiff, Ace Van Lines & Movers, Inc. (Ace), and the defendant Behling's Transfer, Inc. (Behling), are both based in Milwaukee. The defendant Gitchell Transfer & Storage, Inc. (Gitchell), has its principal office in Rockford, Illinois. The defendant Republic Van & Storage Company (Republic), is a national moving line which employs the individual defendants, M. F. Farren and R. W. Mockard.

Ace and Gitchell are "booking agents" for Republic; Behling is not. Both Behling and Gitchell are owned or controlled by the same interests. Ace alleges that Gitchell was acquired by Behling and made an authorized Republic agent because of personal friendships between Behling and the individual defendants, Republic's M. F. Farren and R. W. Mockard.

The thrust of Ace's complaint, which alleges a violation of § 1 of the Sherman Act, 15 U.S.C. § 1, and a pendent jurisdiction claim for breach of contract, is that Ace is receiving and losing out to competition for a large local business customer from Gitchell, which has apparently used its relationship with Behling to facilitate its solicitation of business from that customer.

■ Ace moved for a preliminary injunction which would restrain Gitchell from soliciting any business from that local customer. The defendants have countered with a motion for summary judgment dismissing the complaint on the grounds that the plaintiff has not and cannot show any anti-trust law violation or contract breach. The parties' positions with regard to these motions have been fully briefed. I conclude that the plaintiff's motion for a preliminary injunction should be denied and that the defendants' motion for summary judgment (treated as a motion to dismiss) dismissing the instant complaint should be granted.

"Booking agents" refer business to their principals and receive compensation in the form of a percentage of the charges for the "live haul" or intercity portion of booked shipments, made in trucks dispatched by the national van lines, and the unpacking charges at the destination point. They also receive direct compensation for those services, like packing, which they render directly. The contract between the plaintiff and Republic does not give the plaintiff any exclusive territorial rights or protect it from competition from other Republic agents; it makes no difference to Republic, from an economic point of view, which of its agents books the business.

The contract between the plaintiff and Republic makes it clear that either party may cancel that agreement at will merely by giving written notice to the other party.

Even if Republic had given Ace an "exclusive" contractual right to solicit business in the Milwaukee area, and then broke that contract, the plaintiff would still have no remedy under the anti-trust laws. See Metropolitan Liquor Co. v. Heublein, Inc., 305 F.Supp.

946 (E.D.Wis.1969); B & B Oil & Chemical Co. v. Franklin Oil Corp., 293 F.Supp. 1313, 1317 (E.D.Mich.1968); Cf. Northern Pacific R. Co. v. United States, 356 U.S. 1, 5, 78 S.Ct. 514, 2 L. Ed.2d 545 (1958).

Moreover, the territorial monopoly which Ace appears to be seeking in this action might itself be a violation of the anti-trust laws. See United States v. Arnold, Schwinn and Co., 388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249 (1967); White Motor Company v. United States, 372 U.S. 253, 83 S.Ct. 696, 9 L.Ed.2d 738 (1963). Accordingly, I conclude that it would not only be inappropriate for me to grant the plaintiff's motion for a preliminary injunction but that the plaintiff has failed to state an anti-trust claim cognizable under existing law.

■ This court cannot consider the plaintiff's remaining claim for breach of contract under any theory of pendent jurisdiction in view of the above finding that no anti-trust claim has been stated. As the United States Supreme Court stated in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966):

> "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."

Even assuming that the plaintiff were to provide diversity by dropping Behling as a defendant, the instant complaint would nevertheless fail to allege an actionable claim for breach of contract on the part of the defendants. The very terms of the contract, proffered by the plaintiff as an exhibit, nullify the allegations contained in the complaint. As noted, the contract creates no exclusive dealership or territory, and it is cancellable at will, by either party.