James A. **HAUER,** Plaintiff,

v.

**BANKERS TRUST NEW YORK CORPORATION et al.,** Defendants.

No. 76–C–372.

United States District Court, E. D. Wisconsin.

March 30, 1978.

**104**

James A. Hauer, Louise A. Ptacek, Elm Grove, Wis., for plaintiff.

Foley & Lardner by Robert A. Christensen, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendants have filed a motion to dismiss count III of the amended complaint in this action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim on which relief can be granted. I find that the motion should be denied.

The plaintiff alleges that he was a partner in Milwaukee Management Services and Professional Investors Syndicate. These partnerships in turn allegedly owned and controlled various entities involved in the construction and development of "a commercial and residential resort oriented project" known as Scotsland.

The complaint goes on to allege that PREM, Inc., a corporation owned and controlled by Professional Investors Syndicate and Milwaukee Management Services, arranged for financing of Scotsland through the defendant Sackman Gilliland Corporation (Sackman). However, Sackman "fraudulently refused" to extend part of the promised financing, allegedly because of a conspiracy among the defendants to take over the Scotsland project.

Count III of the amended complaint charges a violation of section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. The defendants have moved to dismiss this count on the grounds that (1) the defendants are neither conspirators with each other nor competitors with each other or the plaintiff, and (2) the plaintiff has failed to assert an injury resulting from competitive conduct.

In support of the first ground for dismissal, the defendants urge that the complaint characterizes them as "a chain of agents, all acting ultimately under the direction" of the defendant Bankers Trust. "Since more than one person or entity is required to establish a conspiracy, the general rule is that a conspiracy cannot be based on an agreement between a corporation and its officers, agents or employees." *Morton Buildings of Nebraska, Inc. v. Morton Buildings, Inc.*, 531 F.2d 910, 917 (8th Cir. 1976). It has likewise been held that a conspiracy between a company and its divisions or distributors does not violate section 1 of the Sherman Act. *Joseph E. Seagram and Sons, Inc. v. Hawaiian Oke and Liquors, Ltd.*, 416 F.2d 71, 82 (9th Cir. 1969), cert. denied, 396 U.S. 1062, 90 S.Ct. 752, 24 L.Ed.2d 755 (1970); *Oak Distributing Co. v. Miller Brewing Co.*, 370 F.Supp. 889, 898 (E.D.Mich.1973). In my opinion, the amended complaint does not allege that all of the defendants acted as agents of one of them. Although certain defendants are denominated in the pleading as agents of others, at least two defendants, namely W. L. Wallace Company and Eugene F. Gibbons

Associates, are not claimed to have conspired merely as agents.

The defendants also urge that no violation of § 1 has been alleged because they are not competitors of each other or of the plaintiff. "[T]here is no requirement . . that all conspirators must be competitors of the antitrust plaintiff." *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F.Supp. 277, 283 (E.D.Wis.1975). In my judgment, the allegations set forth below in my discussion of the defendants' second ground for dismissal may be viewed as asserting a claim for foreclosure of the plaintiff's opportunity to obtain certain financing from sources other than the defendants, because of the defendants' allegedly conspiratorial actions. Since such other financing sources could potentially be competitors of at least some of the defendants, I believe that count III of the amended complaint may not be dismissed on the basis urged by the defendants.

With respect to their second ground for dismissal, the defendants urge that "since the basic result of the alleged conspiracy was simply to substitute defendants for plaintiff as managers of Scotsland and since defendants are not alleged to own or operate any enterprises competitive to Scotsland", no injury resulting from anticompetitive conduct has been alleged.

█ Accepting the allegations of the amended complaint as true for the purposes of this motion, I believe that it charges a conspiracy by the defendants to frustrate the financing arrangements with Sackman and to preclude the plaintiff from obtaining financing for similar projects. Paragraph 2.37 of the amended complaint states in part,

"Defendants conspiratorial acts resulted in antitrust law violations, restricting and excluding plaintiff in his ability to compete in interstate financing, the interstate marketing of sales of services, convention facilities, food sales and other relevant markets and in plaintiff's acts of refinancing to get away from defendants."

My conclusion in this regard is supported by *Raitport v. Chase Manhattan Capital Corp.*, 388 F.Supp. 1095, 1099 (S.D.N.Y.1975). *GAF Corp. v. Circle Floor Co., Inc.*, 463 F.2d 752, 759 (2d Cir. 1972), cert. dismissed, 413 U.S. 901, 93 S.Ct. 3058, 37 L.Ed.2d 1045 (1973), cited by the defendants, is not to the contrary. In that case the court ruled that the plaintiff's claimed damages could not be said to result from the anticompetitive activities which formed the basis for the § 1 violation there alleged. The defendants also rely upon *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.*, 429 U.S. 477, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977). Insofar as that case, brought under § 7 of the Clayton Act, may be relevant to the antitrust claim raised here, I believe that the above-mentioned allegations do assert, albeit minimally, "*antitrust* injury . . . which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." 429 U.S. at 489, 97 S.Ct. at 697 (emphasis original).

The plaintiff submitted evidentiary materials with his brief in opposition to the instant motion. However, because I have not considered such materials the defendants' motion remains, as denominated, one for dismissal and not for summary judgment. Rule 12(b), Federal Rules of Civil Procedure.

Therefore, IT IS ORDERED that the defendants' motion to dismiss count III of the amended complaint in this action be and hereby is denied.