**Decided November 3, 1982**

319

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

LOCAL TRIAL DIVISION

FRANCISCO M. DIAZ, et al,      )      CIVIL ACTION NO. 81-0058
                              )
            Plaintiff,        )
                              )
        vs.                   )      AMENDED DECISION
                              )
RAMON L.G. DIAZ,              )
                              )
            Defendant.        )
_____ )

On February 26, 1982 this Court heard plaintiffs'
Motion for Summary Judgment to reduce an August 1978 High
Court Trial Division judgment to a District Court judgment.
The Court denied plaintiffs' Motion for Summary Judgment on
March 29, 1982. In its decision the Court made two rulings.

First, the Court concluded that it has both
subject matter jurisdiction and personal jurisdiction over
defendant. See Diaz v. Diaz, CV No. 81-0058, Decision at
2-3 (D.N.M.I. Tr.Div. March 29, 1982)(Diaz). This ruling is
re-affirmed here.

Second, the Court held that the High Court Trial
Division judgment was not "finally decided" within the
meaning of Section 4 of the Northern Mariana Islands Consti-
tution's Transitional Matters Schedule (Section 4). The
Trial Division's judgment had been appealed to the High
Court's Appellate Division. Despite appellate hearings

320

having been heard on January 1980, no opinion has yet been filed. On the basis of these facts, the Court determined that the matter was still "pending before the High Court" under Section 4, and that therefore plaintiff lacks a final judgment which this Court may recognize and reduce to a District Court judgment. The Court accordingly denied summary judgment to plaintiffs. See Diaz at 3-4.

However, further research at the Court's initiative convinces this Court that the Trial Division's judgment is "final" for Section 4 purposes and that the denial of summary judgment was erroneous. For the reasons explained below, the Court vacates its prior decision and grants summary judgment to plaintiffs.

I.

Section 4 states in relevant part:

> Civil and criminal matters pending before the High Court of the Trust Territory of the Pacific Islands on ... (January 9, 1978) that involve matters within the jurisdiction of ... the United States District Court for the Northern Mariana Islands shall remain within the jurisdiction of the High Court until finally decided.

Resolution No. 16 of the Northern Mariana Islands Constitutional Convention (Dec. 6, 1976) adopted the "Analysis of the Constitution of the Commonwealth of the Northern Mariana Islands" (the Analysis) as a guide for resolving future

321

questions of constitutional construction. The Analysis of

Section 4 states in relevant part:

> For purposes of classifying matters
> pending before the High Court,
> matters which are before the <u>trial
> division</u> of that court are to be
> considered as finally decided when
> a final judgment is had. Jurisdic-
> tion of appeals from such cases will
> be in the United States District
> Court for the Northern Mariana
> Islands sitting as an appellate
> court or before the Commonwealth
> appeals court if the federal district
> court is unavailable to decide appeals
> of Commonwealth cases. Matters before
> the High Court on appeal may not be
> further appealed under Commonwealth
> law (emphasis added).

Read as a whole, the Analysis language above instructs that

a case pending before the High Court's Trial Division on

January 9, 1978 is "finally decided" for Section 4 purposes

once the Trial Division renders judgment.

The Analysis further instructs that "jurisdiction

of appeals from such... (trial division judgments) will be

in the United States District Court for the Northern Mariana

Islands." It is to be noted also that defendant in this case

failed to move to stay the Trial Division judgment during the

pendency of the appeal. Clearly then, Section 4 intended

that a "finally decided" case over which this Court may take

jurisdiction is one in which the Trial Division has rendered

a final judgment, and which this District Court may recognize

and reduce to a District Court judgment.

322

II.

Because of strong policies favoring finality and judicial economy, courts hesitate to rule more than once on the same motion. E.g., Metropolitan Liquor Co. v. Heublein, Inc., 50 F.R.D. 73, 75 (E.D.Wisc. 1970). Nevertheless, a district judge has the inherent discretionary authority to modify or to overturn an interlocutory order while it remains interlocutory. Tanner Motor Livery Ltd. v. Avis, 316 F.2d 804, 809 (9th Cir. 1963), cert. denied 375 U.S. 821, 84 S.Ct. 59, 11 L.Ed.2d 55(1963). Thus, the denial of a motion may be reconsidered where, as here, the court which denied the motion has not rendered a final judgment. Pearson v. Dennison, 353 F.2d 24, 28 and n. 5 (9th Cir. 1965). These rules have emerged primarily from cases such as this one in which the order reconsidered was a denial of summary judgment. See Hodgson v. United Mine Workers, 473 F.2d 118, 125-126 n. 38 (D.C. Cir. 1972).

In the decisions cited above, reconsideration occurred upon motion by a party rather than upon the court's initiative, as here. That immaterial distinction pales against the important interests of justice and judicial integrity. The strongest ground for reconsideration is that the court overlooked controlling authority which, if considered, reasonably might have altered the result. See New York

323

Guardian Mortgage Corp. v. Cleland, 473 F.Supp, 409, 420. (S.D.N.Y. 1979). In this instance, the court would have granted summary judgment if it had considered the discussion of Section 4 in the Analysis.[1]

Having consulted the Analysis and concluded that the prior decision was erroneous, the Court is constrained to vacate that decision and to grant summary judgment to plaintiffs.[2]

The Court shall enter an order in accordance with this amended decision.

_Nov. 3, 1982_
Date

ALFRED LAURETA
United States District Judge

- - - - - - - -

[1] Although the Court is ultimately responsible for its prior ruling, it notes that plaintiffs neglected to cite Section 4 or the Analysis in their written and oral motion arguments.

[2] After this Court initially denied summary judgment, plaintiffs filed an identical judgment recognition action in the Commonwealth Trial Court. On October 28, 1982, the Commonwealth Trial Court denied defendant's motion for summary judgment. Diaz v. Diaz, Civil Action No. 82-221, Order Denying Motion For Summary Judgment, (C.T.C. Oct. 28, 1982). In ruling without considering Section 4 that plaintiffs may now reduce the High Court Trial Division judgment to a Commonwealth Trial Court judgment, the Court noted that "procedural and practical problems" will occur if the High Court's Appellate Division reverses. Id. at 6 fn. In this Court, Federal Rule of Civil Procedure 60(b)(5) would afford defendant an avenue of relief in the event of a reversal.