**PAUL M. HARROD COMPANY, Plaintiff**

v.

**A. B. DICK COMPANY, Defendant.**

**Civ. A. No. 36519.**

United States District Court
N. D. Ohio, E. D.
March 27, 1961.

---

Francis B. Douglass, Cleveland, Ohio, Donald P. McHugh, Washington, D. C., for plaintiff.

Arthur L. Dougan, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

This is an action for treble damages for violation of the Sherman Act, under 15 U.S.C.A. § 15, alleging that plaintiff has been injured by reason of defendant's violation of Sections 1 and 2 thereof (15 U.S.C.A. §§ 1, 2). Plaintiff charges that it has been injured not only by violations of the Act itself but also by reason of defendant's violation of certain provisions of a consent decree entered in this Court in 1948 terminating an antitrust suit instituted by the Government (United States v. A. B. Dick Company et al., Civil No. 24188).

Plaintiff alleges that actions for criminal and civil contempt for violation of the aforesaid decree were commenced by the United States in this Court on March 8, 1960, and that an order was entered on September 13, 1960, disposing of the civil contempt proceeding. Subsequent to the filing of the instant case, the records of this Court show that A. B. Dick Company, upon entry of a plea of nolo contendere to the criminal contempt charges, was ordered to pay a fine.

■ 1. Defendant has filed a motion to dismiss that part of the complaint which charges injury to plaintiff because of defendant's alleged violations of certain provisions of the 1948 consent decree on the ground that such allegations fail to state a claim upon which relief can be granted. Under Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S. C.A., such a defense may properly be raised by motion.

15 U.S.C.A. § 15, pursuant to which this complaint was filed, provides as follows:

"*Suits by persons injured; amount of recovery*

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defend-

ant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

Defendant asserts that the term "antitrust laws," as used in the above section and as defined in 15 U.S.C.A. § 12, does not include a judgment or decree entered in connection with an antitrust case filed by the Government. Plaintiff, on the other hand, asserts that "the violation of the earlier decree of *this* court in itself gives rise to an independent cause of action under Section 4 of the Clayton Act." 15 U.S.C.A. § 15. Plaintiff's Brief, p. 7. Plaintiff concedes that "as far as he has been able to ascertain, this contention raises issues which have never before been decided by any appellate court." Plaintiff's Brief, p. 5.

In Nashville Milk Co. v. Carnation Co., 1958, 355 U.S. 373, 78 S.Ct. 352, 2 L.Ed. 2d 340, the Supreme Court held that the Robinson-Patman Act, 15 U.S.C.A. §§ 13–13b, 21a, was not included among the "antitrust laws" defined in Section 1 of the Clayton Act (15 U.S.C.A. § 12) and that "the definition contained in § 1 of the Clayton Act is exclusive." Id., 355 U. S. at page 376, 78 S.Ct. at page 354.

The definition of "antitrust laws" in 15 U.S.C.A. § 12, clearly embraces only the statutes described therein. Even without such a definition the term "antitrust laws" could not be construed as pertaining to a judgment or decree entered by a court in connection with an antitrust case filed by the Government. Such decrees do not necessarily reflect the prohibitions of the antitrust laws but may, by their terms, seek to dissipate the effects of the past conduct of the parties and, to this end, frequently enjoin performance of acts lawful in themselves. To permit a private party to recover damages for violation of any provision of such a decree is so obviously beyond the scope of the term "antitrust laws," as used in the statute, as to require no further discussion.

Defendant's motion to dismiss that part of the complaint based on alleged violations of the 1948 consent decree in United States v. A. B. Dick Company will be sustained.

■ 2. Defendant moves that paragraphs 11 through 23 of the complaint be stricken on the ground that they contain allegations with respect to the alleged violation of the 1948 decree which are immaterial to the other causes of action and are prejudicial to the defendant. Plaintiff asserts that these paragraphs are pertinent as background to the charges of antitrust violation and, even if immaterial, should not be stricken unless clearly prejudicial to the defendant.

In view of the Court's dismissal of that part of the complaint based on alleged violations of the 1948 decree, the paragraphs relating to such cause of action are immaterial and would be prejudicial to the defendant were they permitted to remain in the complaint. Accordingly, paragraphs 11 through 23, which relate to the 1948 decree, will be ordered stricken as being clearly immaterial to the alleged violations of Sections 1 and 2 of the Sherman Act.

■ 3. Defendant moves that plaintiff be required to make a more definite statement of the claims alleged in the complaint "by stating with particularity the exact dates upon which defendant is alleged to have done the acts referred to in paragraphs 26(a), 26(b), 26(d), 26(e), 26(g), and 26(h)." Defendant states that the precise dates of the alleged acts and transactions set forth in paragraph 26 are necessary to enable it, in its answer, adequately to plead the statute of limitations.

Paragraph 26 is an elaboration of the charges set forth in paragraph 24, which are alleged to have begun sometime in 1951, continuing "up to and including December 18, 1956." This allegation as to time would appear to be sufficient to enable defendant to frame a responsive pleading. Accordingly, this branch of defendant's motion will be overruled.