**DATA PROCESSING FINANCIAL & GENERAL CORPORATION, Plaintiff-Appellant,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant-Appellee.**

**No. 20080.**

United States Court of Appeals, Eighth Circuit.

Aug. 13, 1970.

See also 8 Cir., 421 F.2d 323.

Victor S. Friedman, Strasser, Spiegelberg, Fried & Frank, New York City, for plaintiff-appellant; Leon Silverman, Linda R. Blumkin, Barry D. Shalov, Robert E. Juceam, New York City, of counsel.

George B. Turner, Cravath, Swaine & Moore, New York City, for defendant-appellee; Thomas D. Barr, Frederick A. O. Schwarz, Jr., Jay E. Gerber and G. Oliver Koppell, New York City, and Faegre & Benson, Minneapolis, Minn., on the brief.

Before VOGEL, GIBSON and BRIGHT, Circuit Judges.

PER CURIAM.

Data Processing Financial & General Corporation (DPF&G) instituted this action against International Business Machines Corporation (IBM) in the United States District Court for the Southern District of New York, in a multi-count complaint alleging violations of the Sherman, Clayton and Robinson-Patman Acts, 15 U.S.C.A. § 1 et seq., and common law unfair competition. The Judicial Panel on Multidistrict Litigation consolidated it with three other pending actions against IBM for pretrial purposes in the United States District Court for the District of Minnesota, assigning the same to the Honorable

Philip Neville, all with the consent of the transferee court.

DPF&G bottomed Count V of its complaint on the breach of a consent decree entered by IBM in 1956. The 1956 decree, which incidentally was entered five years prior to the time that DPF&G came into existence, provided, inter alia, as follows:

"(a) It is the purpose of this Section IV of this Final Judgment to assure to users and prospective users of IBM * * * electronic data processing machines at any time being offered by IBM for lease and sale an opportunity to purchase and own such machines at prices and upon terms and conditions which shall not be substantially more advantageous to IBM than the lease charges, terms and conditions for such machines."

DPF&G claimed to be a third-party beneficiary of such 1956 consent decree. IBM moved, pursuant to Rule 12(b) (6) and Rule 12(f) of the Federal Rules of Civil Procedure, to dismiss and strike all portions of DPF&G's complaint relating to the IBM consent decree. Judge Neville granted IBM's motion and then entered judgment following the provisions of Rule 54(b), F.R.Civ.Proc. Thereafter the matter came to this court for review, presenting as the single issue the question of whether the District Court erred in dismissing Count V of DPF&G's complaint.

Ordinarily non-parties have no right of action based upon a consent decree. See, Buckeye Coal & R. Company v. Hocking Valley Company, 1925, 269 U.S. 42 at 48, 46 S.Ct. 61, 70 L.Ed. 155; United States v. American Society of Composers, Authors & Publishers, 2 Cir., 1965, 341 F.2d 1003, cert. denied sub nom. Metromedia, Inc. v. American Soc. of Composers, Authors, and Publishers, 382 U.S. 877, 86 S.Ct. 160, 15 L. Ed.2d 32; Paul M. Harrod Co. v. A. B. Dick Co., N.D.Ohio, 1961, 194 F.Supp. 502; United States v. U. S. Gypsum Co., D.C.D.C., 1954, 124 F.Supp. 573, reversed for other reasons 1957, U. S.

Gypsum Co. v. Nat. Gypsum Co., 352 U. S. 457, 77 S.Ct. 490, 1 L.Ed.2d 465; Brownlee v. Malco Theatres, W.D.Ark., 1951, 99 F.Supp. 312. Terming DPF&G's contention "ingenious and novel", Judge Neville nevertheless held that

"* * * reasons of policy as well as the rationale of the decided cases augur for the conclusion that a treble damage plaintiff cannot assert a violation of a prior decree, whether it be a consent decree or a decree entered on order of the court after trial * * *. [T]he same policy reason as press for not permitting third parties and private treble damage plaintiffs to enforce an antitrust decree or judgment apply equally to the contract third party beneficiary contention." See 306 F.Supp. at 846, 848.

Judge Neville's well-reasoned and clearly-stated opinion is published in Control Data Corp. v. International Business Machines Corp., D.C.Minn., 1969, 306 F.Supp. 839. As we are in full accord with Judge Neville's disposition of the question, we affirm on the basis thereof.

Affirmed.