Frank **KUNC**, d/b/a A–K News Company, Plaintiff,

v.

**ARA SERVICES, INC.** and Mid-Continent News Co., Inc., Defendants,

v.

James **AVEN**, Additional Defendant to Counterclaim.

No. 74–923–D Civil.

United States District Court, W. D. Oklahoma.

April 13, 1976.

Jack N. Price, Austin, Tex., and Robert E. Shelton, Oklahoma City, Okl., for plaintiff Kunc, d/b/a and added defendant Aven.

Burck Bailey, Oklahoma City, Okl., Victor E. Grimm and Eugene J. Jeka, Chicago, Ill., for both defendants Ara and Mid-Continent.

DAUGHERTY, Chief Judge.

## ORDER

This is a private antitrust action brought by Plaintiff who is engaged in the periodical distribution business against Defendants which are his competitors in said business. It is urged that Defendants have violated several antitrust laws which violations have damaged Plaintiff. Included among the laws Plaintiff alleges Defendants have so violated are Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 and 2) relating to conspiracies in restraint of trade and monopolies. Other antitrust laws are also alleged to have been violated by Defendants.

Defendants filed a Motion to Strike paragraph 14 of the Complaint pursuant to Rule 12(f), Federal Rules of Civil Procedure. This Court entered its Order overruling said Motion without prejudice on January 29, 1975. Defendants' Renewed Motion to Strike Paragraph 14 of the Complaint has been filed. Same is supported by a Brief and Plaintiff has filed his Response in opposition thereto.

The allegations in paragraph 14 of the Complaint relate to an Order entered in March of 1973 by the Federal Trade Commission (FTC) against Defendant ARA Services, Inc. purportedly pursuant to a Complaint that said Defendant had engaged in acts which tended to lessen competition and create a monopoly in the wholesale purchase and distribution of periodicals and paperbacks in certain areas. Defendants urge that said allegation should be stricken on the grounds that it is immaterial and irrelevant to the issues in this case and is prejudicial to Defendants. It is urged in support of the instant Motion that the Court already ruled on the applicable law in its Order of January 29, 1975 and such ruling was proper. It is urged that the Motion to Strike was originally overruled on the basis the FTC Order in question was not before the Court and a sufficient basis did not exist for a complete determination of the nature of said Order. A certified copy of the FTC Order is attached to the instant Motion.

Plaintiff in his Response urges that the FTC Order in question was entered after testimony was taken and is admissible pursuant to 15 U.S.C. § 16(a).[1]

This Court adopts its Order of January 29, 1975 in its entirety. In said Order the Court stated:

1. "(a) A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws or by the United States under section 15a of this title, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto; *Provided,* That this section shall not apply to consent judgments or decrees entered before any testimony has been taken or to judgments or decrees entered in actions under section 15a of this title."

"Thus Defendants are entitled to have the Motion decided in their favor unless the FTC Order was entered into after testimony was taken and was to the effect that one of the antitrust laws was violated. If the FTC Order does not fit into this category then the allegations of paragraph fourteen should be stricken as such evidence would not be admissible at trial. As the Court has no way of knowing what category the FTC Order involving ARA falls into, Movants should have the burden of providing a copy of the Order."

The Certified copy provided the Court with the instant Motion is a copy of:

"Complaint and Decision and Order issued March 8, 1973 in Federal Trade Commission Docket C–2360, in the matter of ARA SERVICES, INC."

An examination of same discloses the Complaint and Order were filed the same day. The record of Proceedings designated as Exhibit "C" to the instant Motion include the following statement as to proceedings occurring May 6, 1971.

"These hearings are non-public and are non-adjudicative and are held pursuant to Section 2.8 of the Federal Trade Commission's non-adjudicative procedures. The hearings are investigational procedures for the purpose of receiving documents and other data and receiving testimony of witnesses *relating to the investigation* of ARA Services, Inc." (Emphasis supplied)

Plaintiff in his Response urges that an officer of Defendant ARA testified by deposition that he gave testimony before the FTC in connection with the proceedings against ARA and urges said testimony was made prior to the entry of the FTC Order in question and thus the Order is admissible under the provisions of 15 U.S.C. § 16(a). Said incomplete excerpt from a transcript marked as Exhibit C to Plaintiff's Response contains the following testimony: (Identity of interrogator unknown)

"Q – Mr. Ottenstein, did you give any testimony in connection with that Federal Trade Commission investigation?

A – I believe I did.

Q – To whom did you give it, sir?

A – I guess the Federal Trade Commission attorney examiner."

Plaintiff presents no evidence that such testimony was part of a hearing after the FTC Complaint was filed and in fact the deposition question related directly to an FTC investigation. For the purposes of this Motion, the Court considers that said testimony appears to have been taken pursuant to Section 2.8 of the FTC rules of practice as then in effect and codified as 16 C.F.R. § 2.8.

The FTC investigation procedures and the FTC Consent Judgment procedures are both set out in Part 2 of the FTC Rules of Practice codified as 16 C.F.R. §§ 2.1 et seq.

The specific provision of 15 U.S.C. § 16(a) which must be construed to determine if the Consent Order dated March 8, 1973 can be used as evidence in the instant case is that portion of the statute which provides:

"*Provided,* That this section shall not apply to consent judgments or decrees entered before any testimony has been taken . . . ."

As noted in the record of proceedings set out above, such proceedings were non-adjudicative. Part 3 of the FTC Rules of Practice as codified in 16 C.F.R. §§ 3.1 et seq. establish the procedures for adjudicative hearings before the FTC. Specifically, 16 C.F.R. § 3.2 in stating the nature of its adjudicative hearings provides in part:

"It does not include other proceedings such as negotiations for the entry of consent orders; investigational hearings as distinguished from proceedings after the issuance of a complaint, . . . ."

The distinction between adjudicative proceedings and those considered by the FTC to be non-adjudicative assists in making a determination that the testimony given by ARA officers during the FTC investigation of ARA is not the testimony contemplated in the critical statutory provision herein considered. The record discloses that the Complaint and the Consent Order were entered the same day. The Order contains the following provision:

"The respondent and counsel for the Commission having thereafter executed an agreement containing a consent order, an admission by the respondent of all the jurisdictional facts set forth in the complaint to issue herein, a statement that the signing of said agreement is for settlement purposes only and does not constitute an admission by respondent that the law has been violated as alleged in such complaint, and waivers and other provisions as required by the Commission's Rules; and"

Said provision is in accordance with 16 C.F.R. § 2.33 relating to agreements under the Consent Order procedures which provides in part:

"In addition, the agreement may contain a statement that the signing thereof is for settlement purposes only and does not constitute an admission by any party that the law has been violated as alleged in the complaint."

The provisions of 15 U.S.C. § 16 were amended by Public Law 93–528.[2] The Report by the House Committee on the Judiciary on said law is set out in U. S. Code Congressional and Administrative News, 1974 at page 6535. Said Report contains the following statement:

"Ordinarily, defendants do not admit to having violated the antitrust or other laws alleged as violated in complaints that are settled. The antitrust laws express fundamental national legal, economic and social policy. Present law, 15 U.S.C. § 16(a), encourages settlement by consent decrees as part of the legal policies expressed in the antitrust laws. Consent decrees, unlike decrees entered as a result of litigation, are not available as prima facie evidence against defendants in public antitrust cases in subsequent private antitrust cases. The bill preserves these legal and enforcement policies and, moreover, expressly makes judicial proceedings brought under the bill as well as the impact statement required to be filed thereto inadmissible against defendants of the public antitrust action in subsequent antitrust actions, if any." U.S.Code Cong. & Admin.News 1974, p. 6537.

The Court finds that the Order entered by the FTC on March 8, 1973 by the consent of the parties against Defendant ARA Services, Inc. is not admissible as evidence in the instant private antitrust case pursuant to the provisions of 15 U.S.C. § 16(a). It is further the finding of the Court that Defendants' Renewed Motion to Strike Paragraph 14 of the Complaint should be sustained and Paragraph 14 of the Complaint should be stricken pursuant to Rule 12(f), Federal Rules of Civil Procedure. Counsel for Plaintiff should be ordered to make no reference before the jury, direct or indirect, by statement or by the questioning of witnesses regarding said FTC proceeding (Docket C–2360) or the Complaint or Consent Order issued therein on March 8, 1973.

---

**2.** The amendment effective December 21, 1974 did not affect the statutory provisions being considered herein but did substantially affect the consent judgment procedures. All procedures noted in this Order are those prior to the amendment since the consent order in question was entered prior thereto.