**METRIX WAREHOUSE, INC.**

v.

**DAIMLER–BENZ AKTIENGESELLS-CHAFT and Mercedes-Benz of North America, Inc.**

**Civ. A. No. N–79–2066.**

United States District Court,
D. Maryland.

Jan. 21, 1983.

Barry L. Steelman of Melnicove, Kaufman, Weiner & Smouse, Baltimore, Md., and H. Kenneth Kudon of Pantaleo & Kudon, Washington, D.C., for plaintiff.

Paul Walter and William C. Sammons of Tydings & Rosenberg, Baltimore, Md., for defendants.

## MEMORANDUM

NORTHROP, Senior District Judge.

The plaintiff, Metrix Warehouse, Inc., in its First Motion in Limine, has asked this Court to exclude from evidence at trial any mention of or reference to prior lawsuits against one or both of the defendants, Mercedes-Benz of North America, Inc., (hereinafter sometimes referred to as "MBNA"), and Daimler-Benz Aktiengesellschaft (hereinafter referred to as "DBAG"). Specifically, plaintiff seeks to exclude evidence regarding the United States Justice Department's suit against Mercedes-Benz, and also of *Technical Learning Collective, Inc., v. Daimler-Benz Aktiengesellschaft,* No. N–77–1443.[1]

First, with regard to the government suit, there appears to be little dispute between the parties. Neither the institution of suit against the defendants by the federal government, nor the subsequent dropping of the case, is relevant to the suit currently at issue. Thus, the Court will exclude from evidence any reference to and mention of the Justice Department suit against Mercedes-Benz.

The issues with regard to the Technical Learning Collective case (hereinafter "TLC") are somewhat more involved. The parties' dispute here centers on the consent judgment entered in that case on June 29, 1981. In that consent judgment, defendants were thenceforth prohibited from retaliating against dealers who sold parts purchased from a source other than MBNA. *See* Final Judgment at paragraph X. Defendant MBNA also was ordered to send a letter to each Mercedes-Benz dealer, advising each such dealer, *inter alia,* that he or she is "not contractually required to purchase parts solely from MBNA." Final Judgment at paragraph VIII. Since one of the plaintiff's theories in the present lawsuit is that defendants illegally tied the sale of replacement parts to the sale of new automobiles by contractually prohibiting dealer resale or use of any part not sold by MBNA nor approved by DBAG, defendants argue that both the directive in paragraph X of the consent judgment and the letters sent to dealers are relevant to the instant case, at least with regard to defendants' conduct since the dates the decree was entered and the letters were mailed.[2] The plaintiff, on the other hand, strenuously objects to the admission of any portion of the consent decree.

The general rule is that a consent judgment in a prior civil case, or any evi-

---

1. Plaintiff's motion also sought to exclude evidence of defendants' counterclaim against the plaintiff. However, since defendants subsequently have filed a motion to consolidate trial of the original claim and counterclaim, consideration of this aspect of plaintiff's First Motion in Limine will be deferred until the defendants' motion is considered.

2. Defendants actually go one step further, and state that paragraph X of the decree creates a *presumption* that they ceased all anticompetitive behavior with respect to replacement parts on the date of the entry of the judgment. *See* Defendants' response at 3. More will be said about this later.

dence thereof, is not admissible in a private antitrust suit. *Cinema Service Corp. v. Twentieth Century-Fox Film Corp.,* 477 F.Supp. 174, 178 (W.D.Pa.1979) (citing cases). The rule is applied by trial courts to prevent prejudice to the party against whom the evidence would be introduced. *Id.; cf.* Fed.R.Evid. 403.

In addition to the above-mentioned principle, consent decrees have received special treatment in the antitrust context. Section 5(a) of the Clayton Act, 15 U.S.C. § 16(a), provides that any final judgment or decree rendered against a defendant in an antitrust case brought by the United States shall be prima facie evidence against such defendant in any subsequent antitrust action brought by a private plaintiff. However, the statute specifically excludes consent judgments entered before trial. The courts consistently have interpreted this statute as excluding not only the terms of a consent judgment, but any evidence that such a judgment was entered. *E.g., Baush Machine Tool Co. v. Aluminum Co. of America,* 79 F.2d 217, 226 (2d Cir.1935); *Cinema Service Corp. v. Twentieth Century-Fox Film Corp.,* 477 F.Supp. 174, 178 (W.D.Pa.1979); *Kunc v. ARA Services, Inc.,* 414 F.Supp. 809, 812 (W.D.Okla.1976); *Control Data Corp. v. International Business Machines Corp.,* 306 F.Supp. 839, 843 (D.Minn.1969), *aff'd,* 430 F.2d 1277 (8th Cir. 1970). The purpose of excluding consent decrees from the scope of Section 5(a) of the Clayton Act, and from use as evidence in subsequent cases, is to encourage the use of consent decrees to settle antitrust suits. H.R.Rep. No. 1463, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad. News 6535, 6537. The Court sees no reason why these policy considerations should not apply to consent judgments in private antitrust suits as well as government cases.

█ The issue presently before the Court is, however, different from that confronted by judges in most of the cited cases, in that here the defendants wish to use the decree at trial, while the plaintiff seeks exclusion. As stated before, defendants want to use the decree, and the prohibitions contained therein, to show that their conduct since the date of the decree has been lawful. The Court will not permit defendants to introduce the decree. Aside from the policy considerations stated above, the consent decree by itself is not very probative of the defendants' actual conduct since the date of the decree. In *Ambook Enterprises v. Time Inc.,* 612 F.2d 604 (2d Cir.1979), *cert. denied,* 448 U.S. 914, 101 S.Ct. 35, 65 L.Ed.2d 1179 (1980), a defendant in an antitrust suit sought to use a consent decree entered in a prior case to show that any wrongdoing ended on the date of the decree. Judge Friendly, speaking for the court, found such reliance to be misplaced. *Id.* at 612 n. 14. Indeed, he went so far as to characterize the prior decree, in the context of the case at issue, as "a historical accident".[3] *Id.* Judge Friendly's meaning seems clear. A court's order prohibiting certain conduct is not highly probative evidence that such conduct has ceased. To the extent, if any, that the decree is probative, the Court feels the probative value is outweighed by its potential for prejudicing one or both of the parties, and I will thus exclude it on that basis. Fed.R.Evid. 403.

Of course, steps taken by defendants to comply with the consent decree are quite a different matter. The defendants will be permitted to introduce evidence of conduct engaged in since the decree, if relevant to an issue in the current suit. *See Baush Machine Tool Co.,* 79 F.2d at 226. The letters sent by MBNA to dealers fall within this range of conduct. These letters, unlike the consent judgment itself, are evidence of *conduct of the defendants* since the date they were mailed, and are probative of the tie-in claim. However, they are totally irrelevant with respect to the defendants' conduct before the date of mailing, and a cautionary instruction will be given. Addi-

---

**3.** This Court, is, of course, far too familiar with the consent judgment entered in the TLC case to call it "a historical accident". The Court remembers vividly the number of hours and volumes of documents, and the high quality legal work, that went into the settling of that case.

tionally, the letters must be edited to delete all reference to the TLC case, and must not be referred to or characterized as being the result of a prior lawsuit. If necessary, the letters may be summarized pursuant to Fed.R.Evid. 1006.

A separate Order will be issued confirming this Memorandum.

### ORDER

In accordance with the aforegoing Memorandum, and for the reasons stated therein, IT IS, by the United States District Court for the District of Maryland, this 21st day of January, 1983, ORDERED:

1. That any mention of the suit brought by the United States Justice Department against defendant Mercedes-Benz of North America BE, and the same hereby IS excluded from trial of the captioned case;

2. That any mention of the consent judgment entered in *Technical Learning Collective, Inc. v. Daimler-Benz Aktiengesellschaft* BE, and the same hereby IS excluded from trial of the captioned case;

3. That evidence of letters sent by Mercedes-Benz of North America to dealers pursuant to the above-mentioned consent judgment, if edited in accordance with the aforegoing Memorandum BE, and hereby IS, permitted to be introduced into evidence at trial of the captioned case, if such evidence is deemed relevant at the time of trial; and

4. That the Clerk of Court shall mail copies of this Memorandum and Order to counsel of record in this matter.